### SIMUNOV v. UNITED STATES.

No. 10433.

Circuit Court of Appeals, Sixth Circuit.

June 5, 1947.

Benjamin C. Stanczyk, of Detroit, Mich., for appellant.

John C. Lehr, of Detroit, Mich., for appellee.

Before SIMONS, ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

Upon appeal from an order denying a motion for the vacation or correction of a sentence, it appears that the appellant was convicted and sentenced for bank robbery under Title 12 U.S.C.A. Section 588b(a) and Section 588c. The indictment contained four counts charging the appellant with entering a bank with intent to commit a felony, stealing from the bank, putting the life of a bank officer in jeopardy by the use of a dangerous weapon and attempting to avoid apprehension by forcing a bank officer to accompany him without the consent of such officer.

Notwithstanding our numerous admonitions that sentences be specific both as to counts and as to the beginning and ending of the term of sentence, the district judge, now retired, imposed upon the appellant in respect to all of the counts of the indictment, a blanket sentence of 65 years, but added "25 years for kidnapping", and the sentence was in such terms recorded by the clerk of the court in the short-book. It is now settled that the statute dealing with the offense of bank robbery creates but a single offense with various degrees of aggravation permitting sentences of increasing severity. It is also clear that under the authority of Section 588c the court would have been empowered to impose a maximum penalty of 65 years because that section provides for a minimum and is silent as to the maximum of imprisonment that might have been imposed. However, the observation that 25 years was for kidnapping imparts ambiguity to the sentence. On behalf of the appellant it is urged that having been sentenced to 25 years for kidnapping the court was without power to cumulate an additional 40 years under the first three counts of the indictment because they became merged with the fourth count. On behalf of the government it is contended that the court indicated an intention of sentencing the appellant to a term of 65 years but that 25 years were added to what the court had in mind because the defendant was found guilty of the kidnapping, and the court so decided in overruling the motion for correction.

The latter argument is not persuasive because without the element of kidnapping the court could not have sentenced the defendant to a term of 40 years. More important, however, is the fact that the convict should know with certainty what his punishment is to be, and that a reviewing court should not be called upon to speculate as to what was in the mind of the sentencing judge at the time of the imposition of the penalty. It is imperative in maintaining respect for the judgments of courts that sentences in criminal cases should not be equivocal. This is more vital than the interests of a particular defendant in a criminal case.

The order of denial is reversed and the cause remanded to the district court for

the correction of sentence by the imposition of a sentence upon the appellant of not more than 25 years.

It is so ordered.