30

## UNITED STATES v. HUDSPETH et al.
### Criminal No. 3602.

District Court, W. D. Kentucky, at Paducah.
May 28, 1948.

Allen E. Lockerman, of Atlanta, Ga., for movant.

David C. Walls, U. S. Atty., and Hobson James, Asst. U. S. Atty., both of Louisville, Ky., for the United States.

SHELBOURNE, District Judge.

William Elmer Dawes was indicted November 18, 1946, on two counts, the first charging a violation of Section 588b(a) of Title 12 U.S.C.A.; the second count charging an offense under Section 588b(b) of that title.

In each count, Dawes was charged with aiding and assisting Hudspeth and Wyatt in the commission of the offense.

May 13, 1947, Dawes was tried to a Jury and found guilty on both counts, was sentenced to the custody of the Attorney General for a period of fifteen years, and has since May 14, 1947, and is now, serving that sentence in the penitentiary at Atlanta, Georgia.

July 14, 1947, he filed his written motion for a reduction of the sentence, pursuant to Rule 35 of the Rules of Criminal Procedure, 18 U.S.C.A. following section 687.

January 29, 1948, he filed a first amendment to his motion and in February a second amendment. The motion, as now amended, contains twenty-four numbered paragraphs, but his contentions are summarized by his Counsel in his memorandum brief as follows:

1. Failure of the indictment to charge the essential elements of the offense on which he was convicted, sentenced and imprisoned.

2. Total lack of evidence to authorize his conviction on any phase of the statutes involved.

3. Admission in evidence of highly prejudicial hearsay testimony by agents of the Federal Bureau of Investigation, which, because of their prominence in the field of law enforcement cannot be erased from a jury's consideration.

Dawes employed an attorney of his own selection shortly after his arrest, but the attorney who represented him at the trial is not now appearing on the motion involved.

No objection was made to the sufficiency of the indictment at the time of the trial and no motion for a new trial was made.

The indictment is as follows:

"First Count. On or about the 23rd day of August 1946, in the Western District of Kentucky, Wilburn Hudspeth, alias Loyd Hudspeth, alias Wilburn Cole, and Raymond Wyatt did enter a building used as a bank, to-wit, the Calvert Bank, at Calvert City, Kentucky, with intent to commit a felony or larceny, and carried away with intent to steal or purloin property and money in the sum of $6,531.50 belonging to the Calvert Bank at Calvert City, Kentucky, an insured institution of the Federal Deposit Insurance Corporation, and the said Wilburn Hudspeth and Raymond Wyatt were aided, assisted and abetted by William Elmer Dawes in entering said building.

"Second Count. On or about the 23rd day of August 1946, in the Western District of Kentucky, Wilburn Hudspeth, alias Loyd Hudspeth, alias Wilburn Cole, and Raymond Wyatt did enter a building used as a bank by force and violence and by the use of a dangerous weapon, to-wit, a revolver, did put in jeopardy the life of Mrs. Kathleen O'Dell and others, in stealing or purloining property and money in the sum of $6,531.50 belonging to the Calvert Bank at Calvert City, Kentucky, an insured institution of the Federal Deposit Insurance Corporation, and the said Wilburn Hudspeth and Raymond Wyatt were assisted, aided and abetted by William Elmer Dawes in entering said building."

Subsection (a) and (b) of Section 588b, Title 12 U.S.C.A. are as follows:

"(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attemps to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank; or whoever shall enter or attempt to enter any bank, or any building used in whole or in part as a bank, with intent to commit in such bank or building, or part thereof, so used, any felony or larceny, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; or whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not more then $5,000 or imprisoned not more than ten years, or both; or whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

The judgment of the Court committed defendant to the custody of the Attorney General for imprisonment for a period of fifteen years on Count 2.

The transcript of the proceedings, at the time defendants were sentenced, is as follows:

"It is the judgment of the Court that Raymond Wyatt be committed to the Attorney General for confinement in an institution designated by him for a period of 15 years on count 2 of this indictment, the defendant Wilburn Hudspeth, likewise be committed for a period of 15 years, and the defendant, William Elmer Dawes, be committed for a period of 15 years."

The first contention raised by Counsel for movant is that the indictment failed to charge the essential elements of the offense on which Dawes was convicted, sentenced and imprisoned.

Counsel argues that Dawes was sentenced only on count 2. An examination of the transcript of the proceedings shows that Dawes was sentenced for a period of fifteen years.

The judgment in a criminal case is the pronouncement by the Judge from the Bench and not the entry of the judg-

ment by the Clerk. Wilson v. Bell, 6 Cir., 137 F.2d 716.

Counsel's contention that the offense charged in the second count is identical with that charged in the first count has some merit, for it will be noticed that the concluding clause in each of the two counts is—

" * * * and the said Wilburn Hudspeth and Raymond Wyatt were assisted, aided and abetted by William Elmer Dawes in entering said building."

As to Hudspeth and Dawes, there can be no contention but that count 1 charged them with the offense under subsection (a) of Section 588b, Title 12 U.S.C.A., that is that they entered a building used as a bank, insured under the provisions of the Federal Deposit Insurance Company Act, with the intent to commit a felony or larceny and did carry away the $6,531.50, and that the second count charged Hudspeth and Wyatt, under subsection (b) of Section 588b, Title 12 with the offense of putting in jeopardy the life of Mrs. Kathleen O'Dell and others by the use of a dangerous weapon, in entering the building and stealing annd purloining the money.

It was recognized at the time all of the defendants in the indictment were sentenced that the crimes charged in the first and second counts of the indictment constituted a single offense. Coy v. United States, 6 Cir., 156 F.2d 293; Remine v. United States, 6 Cir., 161 F.2d 1020; Simunov v. United States, 6 Cir., 162 F.2d 314.

■ But as said in the Remine case, supra [162 F.2d 1021]:

"But where, as here, punishment on each count was imposed simultaneously; the total punishment was not in excess of the permissable limit on one of the counts; and it is evident that the intention of the sentencing judge was that the prisoner should serve the full limit permissible by the statute, the prisoner obviously has not been prejudiced by the technical error committed by the district court. (Citing Cases)"

That reasoning applied here is more forceful, because only one sentence was entered and that sentence was not up to the maximum permitted under either of the counts.

■ On the second contention that the evidence was insufficient to authorize Dawes' conviction on any phase of the statutes involved, I am of the opinion Counsel is seeking to have the Court usurp the province of the Jury. There was testimony that both Dawes and ·his Ford automobile were seen and recognized near Calvert City on the day of the robbery. He admitted that he stayed in a hotel in Paducah, Kentucky, on the previous night and registered under a fictitious name and a reading of the transcript of evidence will compel the conclusion that there was competent evidence not only to authorize the submission of his case to the Jury, but to uphold the verdict of the Jury, bearing in mind that one who aids and assists another in the commission of an offense, is himself equally a principal in its commission.

The third objection, as to the admission in evidence of higher ·prejudicial hearsay testimony by agents of the Federal Bureau of Investigation, is based largely upon the contention that the agents of the F.B.I. because of their prominence in the field of law carried considerably more weight with the Jury than does the testimony of other witnesses.

Whether Counsel's contention is true, is a matter of speculation, but conceding it is true, it argues only that that organization by its achievement in the enforcement of the criminal laws has earned its prominence in the minds of juries.

Two of the agents, in prefacing their statements, referred to the contents of teletype messages. For example, Carl M. Zeimes testified that a teletype was received from the Washington office of the F.B.I., with some latent finger prints that had been submitted by the Louisville office and which had been identified as having come from the Bank of ¹Calvert City or the Buick car which had been stolen and used in connection with the robbery.

■ Reading of the entire record will show, however, that the finger prints, which were obtained at the bank and from the Buick automobile, were accounted for by

the Agent who took them and transmitted them to the Washington office.

The testimony complained of in this and in the other instances, if considered apart from the remaining testimony, might be subject to the objection urged by Counsel, but certainly this testimony could not be considered materially prejudicial, because it was more or less a reference to the testimony of other witnesses about which there could be no legal objection.

The objection to the indictment now raised in the motion was not urged at the trial. Had the objection to count two been raised, the defendant would have been tried on count 1 and if found guilty by the Jury, he could have been sentenced for a term not exceeding twenty years imprisonment, a penalty provided by section (a) of 588b of the statute.

"The matter of imposition of sentence is not a game whereby procedural inaccuracies open penitentiary gates." Stevenson v. Johnston, D.C.Cal., 72 F.Supp. 627, 630.

Defendant's motion is therefore overruled.