UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy Rudolph DRAKE, Defendant-
Appellant (two cases).

Nos. 12101, 12102.

United States Court of Appeals
Seventh Circuit.

Dec. 20, 1957.

Don A. Tabbert, U. S. Atty., John C. Vandiver, Jr., Asst. U. S. Atty., and Jack C. Brown, U. S. Atty., Indianapolis, Ind., for appellee.

Marvin S. Kayne, Skokie, Ill., for appellant.

Roy Rudolph Drake, pro se.

Before SCHNACKENBERG, MAJOR and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

The defendant was sentenced on his plea of guilty to two three count indictments to imprisonment for sixty years. The indictment in one case arose from the robbery of the Union State Bank, Carmel Branch, Carmel, Indiana, and in the second case from the robbery of the Southport State Bank, Southport, Indiana.

The first count of each indictment charged the defendant with a violation of the first paragraph of subsection (a), the second count with a violation of subsection (d) and the third count with a violation of subsection (e) of Title 18 U.S.C.A. § 2113.

The sentence in each case was 15 years on Count I, 15 years on Count II and 15 years on Count III. The sentences on Counts I and II to run concurrently and the sentence on Count III consecutively to the sentences on Counts I and II. The sentences in both cases to be consecutive for a total period of sixty years.

Following judgment and commitment the defendant filed timely motions under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., with prayer that the "Court correct the erroneous sentence imposed *nunc pro tunc*, by sentencing the

Petitioner to fifteen (15) years to serve on Count III only, to run consecutive to the sentence imposed" in the other case. Thereafter the defendant filed an amended prayer to vacate the sentences imposed on Counts I and II of each indictment under Title 28 U.S.C.A. § 2255. The District Court denied the motions and the defendant filed motions for leave to appeal *in forma pauperis*. The government filed motions to dismiss the appeals and pending ruling on these motions the Supreme Court of the United States handed down its decision in Prince v. United States, 1957, 352 U.S. 322, 77 S. Ct. 403, 1 L.Ed.2d 370. Thereupon the government filed motions to set aside and vacate the sentences on Count I. The District Court did set aside and vacate the sentences on Count I leaving the sentences on Counts II and III unchanged and at the same time granted the defendant leave to appeal *in forma pauperis*.

The sole question presented by these appeals is whether robbery that places lives in jeopardy by the use of a dangerous weapon under Title 18 U.S.C.A. § 2113(d) and the forcing of persons to accompany the robber without their consent in the commission of that robbery under Title 18 U.S.C.A. § 2113(e) are two offenses consecutively punishable in a typical bank robbery situation.

■ We believe it to be now settled that Section 2113 of Title 18 U.S.C.A. creates a single offense with various degrees of aggravation permitting sentences of increasing severity. Simunov v. U. S., 6 Cir., 1947, 162 F.2d 314, 315. The Supreme Court in Prince has, for all practical purposes, so decided because "we are dealing with a unique statute of limited purpose" and "(I)t can and should be differentiated from similar problems in this general field raised under other statutes." [352 U.S. 322, 77 S.Ct. 405.]

In Prince it was held that unlawful entry and bank robbery under Section 2113 were not two offenses consecutively punishable and that "when Congress made either robbery or an entry for that purpose a crime it intended that the maximum punishment for robbery should remain at 20 years, but that, even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for 20 years for entering with felonious intent."

An examination of Section 2113 will disclose that Congress intended that the offenses defined in subsections (a) and (b) are included in (d) and that (a), (b) and (d) are included in (e). The maximum penalty prescribed for a violation of (a) is a fine of $5,000 and/or imprisonment for 20 years, or both; for (d) a fine of $10,000 and/or imprisonment for 25 years, or both, and for (e) imprisonment for not less than 10 years or death if the verdict of the jury shall so direct.

■ Count II of the indictment in both cases charged the defendant with bank robbery and, in the commission thereof, with putting the lives of certain named persons in jeopardy by the use of a dangerous weapon. Count III charged the kidnapping of the same persons in the commission of the same bank robbery. There can be no question that the offense charged in Count II was included in Count III. The offenses charged in both counts occurred in the commission of the bank robbery and although conviction on Count III necessitated proof of an additional element necessary to convict on Count II when the proof established guilt on Count III Count II would have also been proven.

■ We are not in accord with the reasoning of the Ninth and Tenth Circuits in those cases where they hold that the offenses defined in subsection (d) of Section 2113 are not included in subsection (e) but agree with the Sixth Circuit in Simunov v. U. S., 162 F.2d 314, and with the Supreme Court in Prince v. U. S., 352 U.S. 322, 77 S.Ct. 403, 407, 1 L.Ed.2d 370, that Congress did not intend to pyramid the penalties in the subsections of Section 2113 for we cannot attribute "to Congress, in the enactment of criminal statutes, an intention to punish more severely than the language of

its laws clearly imports in the light of pertinent legislative history."

The sentence of 15 years on Count III in each case is not questioned and correctly so for these sentences are valid. If the District Court had been of the opinion that the defendant should have been sentenced for 30 years in each case it should have pronounced such a sentence on Count III but we now hold that the consecutive sentence on Count II was invalid because the offense charged in Count II was included within the offense charged in Count III.

The judgment of the District Court denying the motion to vacate the sentence on Count II in each of the two cases here is reversed with instructions to vacate and set aside the sentences on Count II with the sentences on Count III of 15 years in both cases to remain in full force and effect and to be served by the defendant consecutively.

SCHNACKENBERG, Circuit Judge (concurring).

On the facts in this case the opinion of Judge PARKINSON is correct and I concur therein. However, I point out that I do so because count III in each of two indictments to which Drake entered a plea of guilty, charges that *"in committing said offense* [violations of 18 U.S.C.A. § 2113(a) and (d)]" (italics supplied), Drake "did unlawfully force Thyrza Peters, Mary Evelyn Peters, and Eunice Peters, to accompany him to said bank without the consent of" said three persons named in the first indictment and two other persons named in the second indictment. It is obvious that this kidnapping was committed *as a part of the offense of bank robbery and the putting into jeopardy of the lives of persons by the use of a dangerous weapon, to-wit, a revolver, in the commission of that robbery.*

Paragraph (e) of § 2113 reads:

"(e) Whoever, in committing any offense defined in this section, or *in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense,* kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct." (Italics supplied.)

Our opinion should be read as limited to the charges in counts III which relate to Drake's acts alleged to have occurred in committing the bank robbery (count I) and in committing said offense by putting the named persons in jeopardy by the use of a revolver. It is clear to me that, if the kidnapping occurred under the circumstances which I have italicized in paragraph (e), a separate crime would have been charged,—a situation which would not be within the purview of Judge PARKINSON'S opinion.