**UNITED STATES of America**

v.

**Darl Dee PARKER (two cases).**

**Cr. Nos. 1701, 1714.**

United States District Court
N. D. Indiana,
Ft. Wayne Division.

Feb. 15, 1960.

Kenneth C. Raub, U. S. Atty., Charles LeMaster, Asst. U. S. Atty., Ft. Wayne, Ind., for plaintiff.

Darl Dee Parker, pro se.

GRANT, District Judge.

The defendant was indicted on May 9, 1958, in two Counts in Criminal Cause No. 1701 for the October 18, 1957, armed robbery of a bank in violation of Title 18 U.S.C.A. § 2113(a) and (d).

On June 10, 1958, while in the Allen County jail in Fort Wayne, Indiana, under a warrant of arrest issued pursuant to the above described indictment, the defendant, in an attempt to escape from confinement, forced a person to accompany him against that person's will. Thereafter a second indictment was returned on October 7, 1958, in Criminal Cause No. 1714. This second indictment realleged the violations charged in Cause No. 1701 and then went on to allege a violation of subsection (e) of Section 2113.

On May 25, 1959, the defendant entered a plea of guilty to both Counts in Cause No. 1701 and to the one Count in Cause No. 1714 and sentence was pronounced on that date as follows:

> Case No. 1701: "Twenty (20) years on Count I of indictment; twenty-five (25) years on Count II of indictment. Sentences on Count I and Count II to be served concurrently.
> It is adjudged that the defendant be fined in the sum of $5,000.00 on Count I."
> Case No. 1714: "Twenty-five (25) years. This sentence to run consecutively to a sentence imposed in Fort Wayne Criminal No. 1701."

Defendant has filed a Motion to Vacate Sentence, alleging that only one of the sentences may be legally imposed in this case for the reason that only a single bank robbery is involved under the provisions of Title 18 U.S.C.A. § 2113. He contends that the offenses charged under subsections (a) and (d) merged into the offense charged under subsection (e). In support of his contention the defendant cites the following cases as holding that Title 18 U.S.C.A. § 2113, creates but a single offense with various degrees of aggravation permitting sentences of

increasing severity, which makes it improper for this Court to sentence him on all three Counts under Section 2113. Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; Simunov v. United States, 6 Cir., 1947, 162 F.2d 314. United States v. Drake, 7 Cir., 1957, 250 F.2d 216.

The Government concedes that in accordance with the principles and holdings of the Prince and Drake cases both the fine of $5,000 and the sentence of twenty (20) years imposed by the Court under Count I of Cause No. 1701 should be vacated. But the Government vigorously opposes the defendant on the question of whether the sentence in Count II of Cause No. 1701 merged with the sentence of Count I in Cause No. 1714 under subsection (e) of Section 2113. With this position this Court is in agreement for the reasons hereinafter set forth.

The Prince and Heflin cases, cited above, are not controlling in the instant case. Neither involved subsection (e) of Section 2113, but, instead, involved violations of subsections (a) and (d) in the Prince case and subsections (c) and (d) in the Heflin case. There can be little dispute, at this late date, that these subsections clearly contemplate a single offense with various degrees of aggravation permitting sentences of increasing severity. It is equally clear that the factual distinction between those cases and the instant case is decisive to the determination made here that those rulings and principles are not applicable to the case presently before the Court.

Both the Drake and the Simunov cases cited by the defendant are deserving of more detailed consideration, for both involved violations of subsection (e) in addition to others.

In Simunov, the Court of Appeals for the Sixth Circuit was confronted with an ambiguous sentence imposed by the District Court on a four-Count indictment. The indictment charged the defendant with certain violations of the then-existing Bank Robbery Statute, which has since been codified as subsections (a) (b) (d) and (e) of Section 2113. The District Court imposed a blanket sentence of 65 years but added "25 years for kidnapping". The Court of Appeals, faced with this patent ambiguity, reversed and remanded with the instruction that the District Court impose sentence of not more than 25 years, on the theory that the District Court had concluded that a 25 year sentence was in order on the kidnapping charge. Although the defendant argued that the first three Counts had merged with the fourth Count, it was not necessary for the Court of Appeals to reach that question, it having concluded that the District Court was without power to impose a sentence of 40 years under the first three Counts.

In United States v. Drake, supra, the defendant was sentenced on his plea of guilty to two three-Count indictments, the third Count of each charging the defendant under subsection (e) with forcing persons to accompany him without their consent in the commission of the robbery of two banks. The first two Counts of each indictment charged violations of subsections (a) and (d). The sentence in each case was:

"15 years on Count I, 15 years on Count II and 15 years on Count III. The sentences on Counts I and II to run concurrently and the sentence on Count III consecutively to the sentences on Counts I and II. The sentences in both cases to be consecutive for a total period of sixty years." 7 Cir., 1957, 250 F.2d 216.

In asserting that "Section 2113 of Title 18 U.S.C.A. creates a single offense with various degrees of aggravation permitting sentences of increasing severity", the Court cited the Simunov and Prince cases and concluded that:

"An examination of Section 2113 will disclose that Congress intended that the offenses defined in subsections (a) and (b) are included in (d) and that (a), (b) and (d) are

included in (e). * * *" Id., at page 217.

Accordingly, the Court of Appeals held:

"* * * There can be no question that the offense charged in Count II was included in Count III. The offenses charged in both counts occurred in the commission of the bank robbery and although conviction on Count III necessitated proof of an additional element necessary to convict on Count II when the proof established guilt on Count III Count II would have also been proven." Id., at page 217.

Notwithstanding the broad language of the holding of the Court of Appeals, it is clear that the Court intended only to decide the very specific question therein presented, i. e., whether the sentences imposed under subsections (a) and (d) merged with the sentence imposed under subsection (e) where the forcing of persons to accompany a robber, without their consent, occurred in the commission of that robbery, and not where, as in the instant case, the kidnapping took place some time after the defendant had been taken into custody by law enforcement officials. That this is so is clear from a literal reading of the following statement made by the Court:

> "The sole question presented by these appeals is whether robbery that places lives in jeopardy by the use of a dangerous weapon under Title 18 U.S.C.A. § 2113(d), and the forcing of persons to accompany the robber without their consent *in the commission of that robbery under Title 18 U.S.C.A. § 2113 (e) are two offenses consecutively punishable in a typical bank robbery situation.*" (Emphasis supplied.) Id., at page 217.

Judge Schnackenberg, in a concurring opinion agreed that:

> "* * * this kidnapping was committed *as a part of the offense of bank robbery and the putting into jeopardy of the lives of persons by the use of a dangerous weapon, to-wit, a revolver, in the commission of that robbery.*" Id., at page 218.

However, he recognized the possible pitfalls inherent in the broad language of Judge Parkinson's opinion for the Court should the Court's holding be applied to a factual situation as present in the instant case. He asserted that if the violation of subsection (e) had occurred,

> "in avoiding or attempting to avoid apprehension for the commission of such offense (i. e., bank robbery), or in freeing himself or attempting to free himself from arrest or confinement for such offense, * * * a separate crime would have been charged [under subsection (e)]—a situation which would not be within the purview of Judge Parkinson's opinion." Id., at page 218.

■ Inasmuch as the Court of Appeals was not confronted with the factual situation present here, that is, that the kidnapping in the Drake case did not occur in an attempt by the defendant to free himself from confinement for the offense of robbery, this Court cannot and will not assume that the decision there rendered was intended to govern the instant case.

Further, it might be pointed out that unlike the situation in the Drake case, when the proof in the present case established guilt under the Count in Case No. 1714, neither Count I nor Count II in Case No. 1701 would have also been proven.

■ The defendant further contends that since the escape and abduction took place nine months after the commission of the bank robbery it was outside the scope of proper legislative authority. This argument was made, unsuccessfully, in Gilmore v. United States, 10 Cir., 124 F.2d 537, 540, certiorari denied 1942, 316 U.S. 661, 62 S.Ct. 941, 86 L.Ed. 1738. In that case the defendant was indicted and convicted under the predecessors of subsections (a) and (d). While awaiting sentence in the Muskogee, Oklahoma, city jail, he shot and fatally wounded a

person "in freeing or attempting to free", himself from custody and confinement. An indictment was returned charging a violation of the appropriate portion of subsection (e) and upon a finding of guilty sentence was imposed. In upholding the latter conviction and sentence the Court of Appeals for the Tenth Circuit rejected the same argument now proposed by the defendant here. This Court is in agreement with the reasoning and conclusion of that Court and adopts, by way of reference, the following statement of the Court relating to the issue of Congressional authority:

"It is urged however that in order to constitute an offense under section 3 (now subsection (e)) the killing must accompany and be an incident of the robbery, not follow separately and distinctly in point of time. The statute provides in clear language that where a person kills another either in committing the offense of robbery of a bank, as defined in the act, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing or attempting to free himself from arrest or confinement for such offense, he shall be punished as therein specified. It is to be remembered that these several provisions are in the disjunctive, thus indicating a legislative purpose to make each a separate and distinct offense. Arrest sometimes occurs at the time and place of the commission of an offense. But ordinarily, confinement follows separately and distinctly in point of time and place; and in the very nature of things, escape or attempted escape from confinement is generally quite apart in respect of time and place from the commission of the offense for which the person is confined. It therefore is clear that Congress did not intend to restrict the section to instances where murder is committed at the very time of the robbery itself. And it cannot be said

that murder committed in attempting to escape from confinement for the offense of robbing a national bank is so unrelated to the offense of the robbery as to fall beyond the legislative reach of Congress to make penal." 124 F.2d at page 540.

Accordingly, it is ordered that the sentence of twenty (20) years and the fine of $5,000 imposed by this Court under Count I of Cause No. 1701, be, and the same is hereby vacated. In all other respects defendant's Motion to Vacate is hereby denied.