UNITED STATES of America, Plaintiff-Appellee,

v.

Darl Dee PARKER, Defendant-Appellant.

Nos. 12999, 13000.

United States Court of Appeals Seventh Circuit.

Nov. 15, 1960.

Jerry P. Belknap, James F. Hillis, Indianapolis, Ind., for appellant.

Kenneth C. Raub, U. S. Atty., Charles R. Le Master, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and PLATT, District Judge.

SCHNACKENBERG, Circuit Judge.

An indictment, No. 1701, was returned in the district court on May 9, 1958, charging Darl Dee Parker, defendant, with violations of the Bank Robbery Act, 18 U.S.C.A. § 2113, on or about October 18, 1957. Count I charged robbery of a bank by force, violence and intimidation, in violation of § 2113(a), and count II charged that, in committing said robbery, defendant assaulted and put in jeopardy the lives of two named persons, using dangerous weapons, in violation of § 2113 (d).

On October 7, 1958, an indictment, No. 1714, was returned, which recited the prior indictment No. 1701 and alleged that defendant on June 10, 1958, while confined in a county jail, under a warrant of arrest issued on the aforesaid indictment and, while in the custody of the United States Marshal, in freeing himself and attempting to free himself from confinement in said jail, on the charge of bank robbery, forced Fred L. Bolton to accompany him without Bolton's consent to Hicksville, Ohio, in violation of § 2113 (e).

Defendant having pleaded guilty to both indictments, the district court sentenced and fined him. However, pursuant to defendant's motion under rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., the court corrected the sentence with the result that defendant was sentenced to 25 years imprisonment under count II of indictment No. 1701, and a consecutive 25-year term of imprisonment under indictment No. 1714, from which defendant has appealed. United States v. Parker, D.C., 181 F. Supp. 73.

18 U.S.C.A. § 2113, the Bank Robbery Act, provides:

"§ 2113. Bank robbery and incidental crimes

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association;

\*    \*    \*    \*    \*    \*

"Shall be fined not more than $5,-000 or imprisoned not more than twenty years, or both.

\*    \*    \*    \*    \*    \*

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

"(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

This act originated in the act of May 18, 1934, 48 Stat. 783, § 3 of which was substantially the same as § 2113(e) of the present act.

In seeking reversal, defendant contends that § 2113 punishes abduction to escape from confinement for bank robbery as an aggravated incident of the crime of bank robbery, and not as a separate, independent offense, and that conviction and punishment for the offense of abduction to escape from confinement for bank robbery in case No. 1714 included conviction and punishment for bank robbery, a nec-

essary element of such offense, and, therefore, precluded additional punishment for bank robbery or assault in commission of bank robbery as a separate offense in case No. 1701.

In the course of defendant's brief in this court, it is said:

"Although the reason is not readily apparent, the Congress has made abduction to escape from confinement for bank robbery punishable as an offense separate and apart from abduction in connection with escape from confinement for any other crime. It is within its constitutional prerogative so to do. Likewise, the Congress has seen fit to classify abduction to escape *after confinement* for bank robbery with abduction to escape *in the commission of* bank robbery, although it is also difficult to understand this decision. * * *"

The government takes the position that abduction of another during escape from confinement for bank robbery committed at a time apart from the robbery itself is a separate crime for which a separate sentence may be imposed, under § 2113 (e).

Fundamentally these expressions by the parties in their briefs are in accord with each other and with the conclusion which we reach in this opinion.

Nevertheless, defendant asserts that § 2113 establishes abduction to escape from confinement for bank robbery as an aggravated degree of bank robbery, not as a separate offense.

■ A careful reading of § 2113(e) leads to a contrary conclusion. The disjunctive word "or" is used in defining the offenses of which a bank robber is guilty when he kills any person or forces any person to accompany him without the consent of such person. Thus the language includes such killing or forcing to accompany, first, in the bank robber's committing any offense defined in § 2113, *or*, second, in avoiding or attempting to avoid apprehension for the commission of such offense, *or*, third, in freeing himself or attempting to free himself from arrest or confinement for such offense. Whether or not a killing or forced accompaniment in the "first" situation would be a new offense or an aggravation of the bank robbery, is not pertinent here and we do not decide it. Cf. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370. Certainly it is clear that a killing or forced accompaniment in either the "second" or the "third" situation is not a part or aggravation of the bank robbery, but is a separate offense. United States v. Drake, 7 Cir., 250 F.2d 216, 218; Gilmore v. United States, 10 Cir., 124 F.2d 537; Clark v. United States, 10 Cir., 281 F.2d 230, 233.

■ In defendant's brief *pro se* (later supplemented by his counsel's brief), only defendant urges that the district court had no power to impose as a *consecutive* sentence the prison term imposed under indictment No. 1714 which charges a violation of § 2113 (e). Inasmuch as we have held herein that that offense was separate from the offense charged in indictment No. 1701 for which defendant was sentenced to serve 25 years in prison, we hold that no error was committed in this respect.

For the reasons hereinbefore set forth, the judgment of the district court from which this appeal was taken is affirmed.

We appointed attorneys Jerry P. Belknap and James F. Hillis, of the Indiana bar, to represent defendant in this court. Mr. Belknap and Mr. Hillis have expended time and effort in a strong presentation of defendant's position. We express to them our appreciation for their services.

Affirmed.