**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerry HUNTER, Defendant-Appellant.**

**No. 75–2510.**

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1976.

Decided July 21, 1976.

Katherine Keller, Cincinnati, Ohio (Court-appointed), for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., J. Brian McCormick, Christopher A. Andreoff, Asst. U. S. Attys., Detroit, Mich., for plaintiff-appellee.

Before EDWARDS and LIVELY, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from jury convictions on two counts 1) of bank robbery by assault with a deadly weapon, in violation of 18 U.S.C. § 2113(b) and (d) (1970), and 2) a count of kidnapping during the commission of the bank robbery, in violation of 18 U.S.C. § 2113(e) (1970).

Defendant was sentenced to 35 years of imprisonment on both counts, with the terms to run concurrently.

The proofs at trial showed that on October 9, 1974, three armed men forced their way into the home of Richard Green, manager of the Ypsilanti Savings Bank in Grass Lake, Michigan, and bound and gagged the members of the family. In the early morning hours of October 11, Mr. Green was forced to go to the bank, under instructions to procure $50,000 in exchange for the safe return of his wife and two children. Green complied and took approximately $32,000 from the bank and left it in an open field, which had been designated by the bandits as the drop site. These facts and the identity of the appellant as one of the participants in the crime were established by evidence at the trial furnished by members of the family and one of the principals in the robbery.

On appeal to this court no issues pertaining to guilt or innocence are presented, but it is asserted that the District Court erred in administering two separate 35-year concurrent sentences and in allowing the jury to consider and bring in guilty verdicts on two counts which it is claimed arose entirely from the commission of one criminal act.

At oral argument the Assistant United States Attorney conceded error in the administration of two sentences under the facts of this case and joined in requesting the court to vacate both sentences and remand for resentencing under the conviction on the second count of kidnapping during the commission of a bank robbery, in violation of 18 U.S.C. § 2113(e) (1970). In view of the holding of the United States Supreme Court in *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), which rejected pyramiding penalties under the Federal Bank Robbery Act where the offenses arose from the same transaction, we accept the government's concession. Appellant vigorously contends that we should likewise vacate the conviction under the first count. This court has, however, to this point interpreted the *Prince* doctrine as requiring vacation of multiple sentences but not multiple convictions under the Bank Robbery Act. *See United States v. Fried*, 436 F.2d 784 (6th Cir.), *cert. denied*, 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 714 (1971). We consider the two counts involved in this case particularly inappropriate for making any alteration in the holding in the *Fried* case. Here clearly the bank robbery and the kidnapping required quite different sets of proofs.[1]

The judgments of conviction are affirmed, but the sentences under both counts are vacated and remanded to the District Court for resentencing under the second count pertaining to kidnapping during commission of a bank robbery, in violation of 18 U.S.C. § 2113(e) (1970).

---

1. A recent Supreme Court opinion appears to us to have lent support to this court's conclusion in *Fried*. *See United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, n.12, 47 L.Ed.2d 222 (1976).