Timothy PAPP, Petitioner-Appellant,

v.

Arnold R. JAGO, Supt., Respondent-Appellee.

No. 80–3508.

United States Court of Appeals, Sixth Circuit.

Argued March 30, 1981.

Decided Aug. 5, 1981.

Rehearing and Rehearing En Banc Denied Sept. 2, 1981.

Certiorari Denied Nov. 9, 1981. See 102 S.Ct. 576.

Jan Paul Koch, Cincinnati, Ohio (Court-appointed, CJA), for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before EDWARDS, Chief Judge, and LIVELY and JONES, Circuit Judges.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

Petitioner in this case has now been convicted twice after jury trial on charges of first degree murder, murder while committing rape and rape of a female under 12 years old. The first conviction was vacated by the issuance of a writ of habeas corpus by a United States District Judge in the Southern District of Ohio. The bases for the issuance of the writ were violations of petitioner's Fifth and Sixth Amendment rights, particularly related to his being denied *Miranda* warnings on an occasion on March 23, 1973 when he had been questioned by police concerning the disappearance of one Roxie Ann Keathley, age nine. This court affirmed the issuance of the writ and the Supreme Court denied certiorari, *Jago v. Papp*, 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304 (1977).

Thereafter, the State of Ohio retried petitioner with the exclusion of admissions of guilt derived from the March 23 interrogation but with the introduction of evidence of the corpus delicti under the inevitable discovery exception set forth in a footnote to the Supreme Court decision in *Brewer v. Williams*, 430 U.S. 387, 406 n.12, 97 S.Ct. 1232, 1243 n.12, 51 L.Ed.2d 424 (1977). Petitioner was again convicted. After his conviction was affirmed, petitioner filed this, his second, petition for a writ of habeas corpus, which the district court denied. We now affirm the denial of the writ of habeas corpus in all respects except one pertaining to augmentation of sentence upon the second trial.

Our review of this record shows conclusively that there was ample evidence from which the jury could have found appellant's guilt of this brutal murder and rape on evidence which had been introduced without any violation of his constitutional rights. Additionally, the physical circumstances disclosed at the trial indicated that the state court's admission of pictures of the girl's body was clearly within the inevitable discovery exception set forth by the Supreme Court in *Brewer v. Williams* as follows:

The District Court stated that its decision "does not touch upon the issue of what evidence, if any, beyond the incriminating statements themselves must be excluded as 'fruit of the poisonous tree.'" 375 F.Supp. 170, 185. We, too, have no occasion to address this issue, and in the present posture of the case there is no basis for the view of our dissenting Brethren, *post*, at 430 [97 S.Ct. at 1255] (White, J.); *post*, at 441 [97 S.Ct. at 1261] (Blackmun, J.), that any attempt to retry the respondent would probably be futile. While neither Williams' incriminating statements themselves nor any testimony describing his having led the police to the victim's body can constitutionally be admitted into evidence, evidence of where the body was found and of its condition might well be admissible on the theory that the body would have been discovered in any event, even had incriminating statements not been elicited from Williams. Cf. *Killough v. United States*, 119 U.S.App.D.C. 10, 336 F.2d 929 (D.C.Cir. 1964). In the event that a retrial is instituted, it will be for the state courts in the

first instance to determine whether particular items of evidence may be admitted.

430 U.S. at 406 n.12, 97 S.Ct. at 1243 n.12.

■ Appellant also claims that his rights to a fair trial were prejudiced by the admission of colored autopsy slides of the dissected intimate parts of this young victim's anatomy.[1] There can be no doubt that such photographs are highly prejudicial and that prosecutors should be extremely wary of tendering them in evidence absent clear need for the proof offered. One of the charges on which appellant was tried was rape, however, and review of this record indicates that these photographs were introduced as evidence concerning the essential element of penetration. The County Coroner's testimony concerning the slides is directly probative concerning this issue. We find no federal constitutional violation in the admission of the slides.

Since we find no other meritorious appellate issue pertaining to the jury verdict, we turn to consideration of appellant's claim that his due process rights as set forth in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), were violated.

The result of appellant's first trial was concurrent life terms upon the charges of first degree murder, murder while committing rape, and rape of a female under 12. After appellant's second trial, the trial judge without stating any reasons therefor, increased the first trial sentences markedly by determining that the two life sentences (petitioner received only one sentence on the two murder counts) should run consecutively. Subsequent to the filing of a notice of appeal in this case, the State of Ohio filed an affidavit of the trial judge which was included as an appendix to the record in which in effect he disavows any vindictiveness toward defendant relating to his having appealed his first conviction.

In *North Carolina v. Pearce*, the United States Supreme Court construed the double jeopardy and the equal protection clauses of the U.S. Constitution and held that they do not impose "an absolute bar to a more severe sentence upon reconviction." *Id.* at 723, 89 S.Ct. at 2079. Nevertheless, the Court held, under the due process clause, that "[i]t can hardly be doubted that it would be a flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside." *Id.* at 723–24, 89 S.Ct. at 2079–80. The rationale for Justice Stewart's opinion in *North Carolina v. Pearce* is as follows:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.* at 725, 89 S.Ct. at 2080 (footnote omitted).

---

1. The slides were not offered in evidence at the District Court hearing and hence have not been viewed here.

It is, we think, clear that if this record presented no explanation of the state trial judge's augmentation of sentence, we would be required to remand for issuance of the writ unless the state saw fit to make the second sentence concurrent as was done at petitioner's first trial. This leaves then the question as to whether or not a state trial judge's subsequently proffered reasons for his augmentation of sentence is properly before us. Appellant claims that it is barred from consideration under Ohio App.R. 9 A which reads as follows:

**Rule 9   The record on appeal**

**A) Composition of the record on appeal**

The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. . . .

*See also State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978); *State v. Robinson,* 53 Ohio St.2d 211, 373 N.E.2d 1257 (1978).

The state relies upon *Moon v. Maryland,* 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262 (1970), on this issue. This question, however, was not decided by the Supreme Court in *Moon.* There, the petition for writ of certiorari was dismissed as improvidently granted when counsel for Moon stated "I have never contended that Judge Pugh was vindictive." No such concession by defense counsel was presented in this appeal.

The question of postsentence explanation is not without difficulty. We conclude, however, that where the trial judge on retrial has greatly augmented the original sentence without any reason being stated and the state has tendered his subsequent comment on the reasons for the sentence which comment is not a part of the trial or appellate record, *North Carolina v. Pearce* requires our remand for issuance of the writ if within 60 days the state fails to vacate the sentence and reinstate the life sentences as they were administered at the end of the first trial.