**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Trevor Barry MOORE,
Defendant-Appellant.**

**No. 81–5320.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 9, 1981.

Decided Sept. 14, 1982.

William H. Farmer, Fed. Public Defender, Ross Alderman, Nashville, Tenn., for defendant-appellant.

Hal D. Hardin, U. S. Atty., Margaret Huff, John P. Williams, Asst. U. S. Attys., Nashville, Tenn., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and WEICK and PHILLIPS, Senior Circuit Judges.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

The sole issue presented in this case is whether the District Court erred in imposing consecutive sentences for violations of Title 18 §§ 2113(d) and 2113(e). Appellant Moore who pled guilty to both counts under the Federal Bank Robbery Act, was sentenced to 15 years under § 2113(d) for putting lives in jeopardy during the bank robbery concerned and to 25 years for kidnapping in the commission of the bank robbery. The sentences were made to run consecutively.

It is appellant's contention that the sentences for the two offenses to which he pled guilty merge under the principles set forth in *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 11 L.Ed.2d 370 (1957), *Simunov v. United States*, 162 F.2d 314 (6th Cir. 1947) and, even more particularly, in *United States v. Hunter*, 538 F.2d 1239 (6th Cir. 1976).

The facts as recited in appellant's brief were accepted by the appellee, United States, and we employ them verbatim:

## STATEMENT OF FACTS

At about 7:00 a. m., August 12, 1980, the defendant went to 385 Blackman Road, Nashville, Tennessee, to the residence of Burley Donald Lockridge, a bank officer of Commerce Union Bank in Nashville.

Mrs. Lockridge permitted the defendant to enter her residence after he told her he had run out of gas and needed to use the telephone. Once inside the residence, a weapon was displayed by the defendant and Victor Gendron, a codefendant, then entered the residence.

Mr. Lockridge was taking a shower at the time of the entry. When he came out of the shower, and got dressed, the defendant forced Mr. Lockridge to drive him to a branch office of Commerce Union Bank at 3034 Dickerson Road. Gendron remained at the Lockridge residence with Mrs. Lockridge and the Lockridges' two children.

When the defendant and Mr. Lockridge arrived at the bank, Mr. Lockridge told the employees to cooperate with the defendant. Mr. Lockridge's suitcase was filled with money. The defendant and Mr. Lockridge left the bank with the money and drove to Cedar Hill Park, a short distance away. Mr. Lockridge was let out of the car, and tied loosely to a tree and left unharmed. The defendant was returning to the Lockridge car when he was apprehended. All the money was recovered from the suitcase in the car and no one was physically harmed. (App. 21–23, 34).

The two statutory provisions at issue are as follows:

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years or both.

(e) Whoever, in committing any offense defined in this section or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

18 U.S.C. §§ 2113(d) & (e) (1976).

The United States does not deny that a sentence imposed under § 2113(d) would merge into a sentence imposed for kidnapping "in committing" a bank robbery. It does contend, however, that the continuation of the kidnapping after the completion of the bank robbery was a separate offense under the second clause of § 2113(e). *See Crawford v. United States*, 519 F.2d 347, 352 (4th Cir. 1975), *cert. denied*, 423 U.S. 1057, 96 S.Ct. 791, 46 L.Ed.2d 647 (1976).

We reject this argument. In this instance, the kidnapping was obviously a part of the robbery scheme from the beginning and continued through the completion of the bank robbery and through appellant's temporary escape thereafter.

A great deal of precedent supports this result; both in this and other circuits. In *Simunov v. United States*, 162 F.2d 314 (6th Cir. 1947), the defendant was convicted of four counts of bank robbery, including putting the life of a bank officer in jeopardy by use of a dangerous weapon and attempting to avoid apprehension by forcing a bank officer to accompany him without that officer's consent. The District Judge, acting under the predecessor to the current statute, sentenced the defendant "in respect to all counts of the indictment, a blanket sentence of 65 years, but added '25 years for kidnapping...'". *Id.* at 315. As in this case, the defendant moved to reduce sentence and appealed when the District Court denied that motion. The court held that it was "now settled that the statute dealing with the offense of bank robbery creates but a single offense with various degrees of aggravation permitting sentences of increasing severity." *Id.* Accordingly, the court reversed the ruling of the trial court and "remanded to the district court for the correction of sentence by the imposition of a sentence upon the appellant of not more than 25 years." *Id.* at 315–316.

We reaffirmed this rule in *United States v. Hunter*, 538 F.2d 1239 (6th Cir. 1976), a case factually similar to the one at bar. In *Hunter*, the defendant forced his way into the home of a bank manager, bound and gagged his family, and forced him to obtain money from his bank for ransom. The District Judge administered two separate 35-year concurrent sentences. Despite the fact that the bank robbery and the kidnapping required different sets of proofs, we accepted the U. S. Attorney's concession of error that it was inappropriate to sentence the defendant for both the robbery and the kidnapping. We specifically relied on *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), which "rejected pyramiding penalties under the Federal Bank Robbery Act where the offenses arose from the same transaction." 538 F.2d at 1240. Although we realize that *Prince* is not precisely in point, there is considerable precedent from other circuits which applies the holding of *Prince* to the merger of offenses under § 2113(d) and § 2113(e). *United States v. Atkins*, 558 F.2d 133 (3rd Cir. 1977), *cert. denied Morello v. United States*, 434 U.S. 929, 98 S.Ct. 416, 54 L.Ed.2d 289, *Mason v. United States*, 434 U.S. 972, 98 S.Ct. 24, 54 L.Ed.2d 462, *Atkins v. United States*, 434 U.S. 1071, 98 S.Ct. 1254, 55 L.Ed.2d 774 (1978); *United States v. Rossi*, 552 F.2d 381 (1st Cir. 1977); *United States v. Pietras*, 501 F.2d 182 (8th Cir. 1974), *cert. denied* 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974); *Sullivan v. United States*, 485 F.2d 1352 (5th Cir. 1973).

We disposed of *Hunter* in this manner:

The judgments of conviction are affirmed, but the sentences under both counts are vacated and remanded to the District Court for resentencing under the second count pertaining to kidnapping during commission of a bank robbery, in violation of 18 U.S.C. § 2113(e) (1970).

538 F.2d at 1240.

Accordingly, the order denying correction or reduction of sentence under Rule 35 is vacated and the case is remanded for further proceedings consistent with this opinion. On remand, the District Judge should particularly consider the impact of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931) and *Papp v. Jago*, 656 F.2d 221 (6th Cir. 1981).

PHILLIPS, Senior Circuit Judge (concurring in result).

I concur reluctantly, only because our panel is bound by the Supreme Court and Sixth Circuit precedents cited in the majority opinion.

If we were writing on a clean slate, I would vote to affirm the consecutive sentences. Appellant kidnapped Burley Donald Lockridge at his home, leaving Mrs.

Lockridge and their two children in the custody of a confederate. This was a violation of 28 U.S.C. § 2113(e) which continued until appellant left Mr. Lockridge tied to a tree in a public park after the robbery was complete. Appellant also committed an *armed* robbery of a federally insured bank. This was a violation of 28 U.S.C. § 2113(d).

I would prefer to affirm the district court, but concur in the majority opinion only because of the binding precedents set forth therein.