**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Dwight DOTSON, Defendant-Appellant.**

No. 76–3248
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1977.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York* et al., 5 Cir., 1970, 431 F.2d 409, Part I.

David A. Fox, Gainesville, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., William F. Bartee, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellant William Dwight Dotson was convicted by a jury of kidnapping in violation of 18 U.S.C. §§ 2 and 1201 and of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). He received concurrent sentences of thirty years' confinement on the kidnapping count and twenty-five years' confinement on the bank robbery count. Dotson appeals, urging two grounds of error: (1) the prosecutor withheld exculpatory material prior to trial in violation of the requirement of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (2) the offenses of kidnapping and armed robbery were merged in one transaction so that appellant should have received only one sentence. Finding both contentions without merit, we affirm the convictions and sentences.

Evidence at trial established that appellant and Morris J. Green entered the residence of Clayton Ramsey and his wife, Mary Francis, in Blairsville, Georgia on the evening of June 5, 1975. The two intruders held the couple prisoners in their home until the pre-dawn hours of the next day, Friday, June 6, when they drove the Ramseys to a secluded, wooded area just across the state line in Cherokee County, North Carolina.

Leaving Mr. Ramsey in the woods guarded by Michael Ward Stallings, Green, appellant Dotson, and Ralph Howard Vernon took Mary Francis Ramsey and proceeded to the Union County Bank in Blairsville, Georgia, where she worked as a cashier. Using Mrs. Ramsey's key, appellant, Vernon, and Mrs. Ramsey entered the bank at approximately 5 a.m. When employees and customers began to arrive shortly after 8 a.m., the two men—armed and masked—bound and guarded them until the bank's vice-president opened the vault and the robbers could leave with their loot of over $131,000.

Although all four of the robbery participants—Vernon, Green, Stallings, and appellant Dotson—escaped from the area, all were eventually apprehended. Stallings and Green agreed to cooperate with the government; Vernon and appellant were jointly indicted.

At a pretrial conference before the Magistrate, appellant sought production of allegedly exculpatory statements made by government witnesses Stallings and Green. The Magistrate denied the request on the ground that *Brady v. Maryland, supra,* does not abrogate the Jencks Act provisions, 18 U.S.C. § 3500, which mandate disclosure of statements by government witnesses only after they have testified at trial. Appellant failed to challenge or seek relief from the Magistrate's order in the district court. During trial, all prior statements by

government witnesses were turned over to appellant before the witnesses took the stand. Counsel for appellant had ample opportunity to impeach both Stallings and Green with the contradictions and inconsistencies between their earlier statements and their trial testimony.

Appellant's contention that *Brady* required the pretrial disclosure of the witnesses' prior statements conflicts with the settled law of this Circuit. As we explained in *United States v. Scott,* 524 F.2d 465, 467–68 (5th Cir. 1975):

In making this argument, however, the appellant ignores the Jencks Act, which clearly prohibits the discovery of statements of government witnesses until *after* they have testified. 18 U.S.C. § 3500. This Court and others have recognized that the rule announced in *Brady* is not a pretrial remedy and was not intended to override the mandate of the Jencks Act. *United States v. Frick,* 5 Cir. 1973, 490 F.2d 666; *United States v. Montos,* 5 Cir. 1970, 421 F.2d 215; *United States v. Regan,* 2 Cir. 1974, 503 F.2d 1, 3 at fn. 1. Moreover, in *United States v. Montos,* 5 Cir. 1970, 421 F.2d 215, *cert. denied,* 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532, where the defendant challenged as violative of *Brady* the government's failure to make pretrial disclosure of conflicting statements of government witnesses, Judge Goldberg, for this Court, held such statements squarely within the Jencks Act and thus not subject to pretrial discovery. There, as here, the defendant's right to impeach the witness was fully satisfied by the opportunity for cross-examination.

(Emphasis in original.)

In support of his second allegation of error—that he should have received only one sentence—appellant cites *United States v. Hunter,* 538 F.2d 1239 (6th Cir. 1976), which involved a kidnapping-bank robbery scheme similar to the one in the instant case. Hunter was convicted of bank robbery by assault with a deadly weapon, in violation of 18 U.S.C. § 2113(b) and (d), and of kidnapping during commission of the bank robbery, in violation of 18 U.S.C. § 2113(e). Both charges were based upon provisions of the Federal Bank Robbery Act, 18 U.S.C. § 2113. The court imposed sentences of thirty-five years' imprisonment on each count to run concurrently. On appeal, Hunter argued that only one sentence might be properly imposed; and the United States Attorney conceded error in the administration of two sentences. The appeals court observed, "In view of the holding of the United States Supreme Court in *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), which rejected pyramiding penalties under the Federal Bank Robbery Act where the offenses arose from the same transaction, we accept the government's concession." 538 F.2d at 1240. The *Hunter* court vacated both sentences and remanded for resentencing on the kidnapping count.

The practice disapproved in *Prince* of pyramiding penalties under the Federal Bank Robbery Act is not at issue here. The kidnapping charge against appellant Dotson is not grounded in the Federal Bank Robbery Act at all but rather in an entirely separate statute which makes it a federal offense to transport a kidnapped person in interstate commerce. 18 U.S.C. § 1201. Intimating no opinion as to the correctness of the Sixth Circuit's result in *Hunter,* we hold simply that the rule of *Prince* against aggregating penalties under the Federal Bank Robbery Act does not preclude imposition of the sentence in the instant case for a kidnapping conviction obtained under a statutory provision outside the Bank Robbery Act.

Appellant's convictions for bank robbery and kidnapping and the sentences imposed thereon are therefore affirmed.