**Deborah PILCHAK, Appellee,**

v.

**Donald CAMPER, Superintendent of Chillicothe Correctional Center, Appellant.**

**No. 90–1632.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1990.

Decided June 4, 1991.

Stephen Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellant.

George Bock, Kansas City, Mo., for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOODS,[*] District Judge.

BEAM, Circuit Judge.

Appellee Deborah Pilchak, a significant but lesser participant in a drug conspiracy, is now serving a life sentence after being convicted of a drug crime in Missouri state court.[1] Although she did not know it at the time, she was represented at trial by a lawyer suffering from Alzheimer's disease. To add to her disadvantage, her disabled counsel was working before a jury that was unconstitutionally selected.

The major player in the conspiracy, Pilchak's boyfriend, was convicted in a separate proceeding upon a plea of guilty and sentenced to a term of years in prison. He has long since served his required incarceration and is a free man, subject only to parole requirements.

The district court granted Pilchak's petition for writ of habeas corpus brought under 28 U.S.C. § 2254. Although the State of Missouri argues for reversal, we affirm.

## I. BACKGROUND

The facts surrounding the underlying drug offense are set forth in detail by the district court. *See Pilchak v. Camper*, 741 F.Supp. 782 (W.D.Mo.1990). We repeat some of them in this opinion only as they are necessary to explain our holding. Pilchak claims (and has established in our view) at least two constitutional violations arising from the state court proceedings.

The sheriff's office of Cole County, Missouri, the county in which the trial occurred, actively participated in the investigation leading up to the Pilchak prosecution. A deputy sheriff routinely received, as another part of his duties, a list of prospective venirepersons to be summoned for jury duty. He made out a card for each name appearing on the list upon receipt of the information. The group of names in this card file constituted the panel of potential jurors in Cole County. When a jury was needed, as in Pilchak's case, the deputy sheriff, paying attention to particular cards, called selected citizens to appear at trial as potential jurors. The jury for Pilchak's trial was seated, as indicated, from among these selectees. Subsequent to Pilchak's trial, the Missouri Supreme Court determined that this procedure violated state law. *State v. Bynum*, 680 S.W.2d 156 (Mo.1984). The parties stipulated that this unlawful procedure was used at Pilchak's trial. This court, in *Anderson v. Frey*, 715 F.2d 1304 (8th Cir. 1983), *cert. denied*, 464 U.S. 1057, 104 S.Ct. 739, 79 L.Ed.2d 198 (1984), a case of perhaps greater importance to this matter, held that a somewhat similar system in-

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. Appellee may now be at liberty pending the outcome of this appeal. The sentence, however, continues in full force and effect.

volving bystander jurors failed to pass constitutional muster under the due process clause of the fourteenth amendment. We held in *Anderson* that the procedure lacked "fundamental fairness." *Id.* at 1309. Pilchak was convicted by an unconstitutionally convened jury.[2]

J. Paul Allred, Jr., a public defender for Cole County, was assigned to Pilchak as her trial counsel.[3] Mr. Allred's actions in preparation for and in the trial of the Pilchak case prompted a searching examination of his competency at both the Missouri Rule 27.26 post-conviction hearing and at the hearing before the district court. No purpose is served in outlining the evidence adduced bearing upon Mr. Allred's problems. It is sufficient to note that Mr. Allred was suffering from Alzheimer's disease at the time of trial, which disease prompted disorientation, loss of memory, inability to concentrate and peculiar exhibitions of judgment. The district judge found that Mr. Allred was not the counsel contemplated or required by the sixth amendment and that his actions at trial contravened Pilchak's rights under the due process clause of the fourteenth amendment. *Pilchak*, 741 F.Supp. at 800. The evidence abundantly supports the conclusion reached by the district court.

## II. DISCUSSION

■ To promote comity with and protect the authority of the state courts in criminal prosecutions, laudable goals in our view, the Supreme Court has reasonably and rationally erected rules on procedure and default to be followed in federal habeas cases. Section 2254 requires, as a precursor to federal consideration of alleged constitutional infirmities, the exhaustion of remedies available in the state courts. Exhaustion must occur, as indicated, before a federal court may entertain a prisoner's claims for relief. The Supreme Court, in a fairly recent and comprehensive opinion on habeas procedure, stated:

> The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," *Darr v. Burford*, 339 U.S. 200, 204 [70 S.Ct. 587, 590, 94 L.Ed. 761] (1950), and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

*Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986).

The district court, in conformance with these concerns for comity, initially remanded Pilchak's claims to the state courts for further consideration. It is not claimed, therefore, that Pilchak, in renewing her requests in the federal system, has failed to exhaust remedies that may be available to her in state court. Missouri contends, however, that in the process of exhausting state remedies, Pilchak neglected to raise the constitutional issues upon which she now relies. This, according to the state, invokes the application of the cause-prejudice test enunciated by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), which application, in turn, requires us, according to Missouri, to deny the writ. We think this argument misses the mark.

■ Missouri vehemently argues, contrary to the determination of the district court, that Pilchak is guilty of a procedural default because she failed to raise at all appropriate times her jury array contentions. This failure, Missouri claims, requires a showing of both cause and preju-

---

**2.** Gary Erwin McCaw, Pilchak's boyfriend, the ringleader in the drug conspiracy, was tried separately and convicted. McCaw was awarded a new trial because the jury selection process at his trial was similarly flawed. He then entered a plea of guilty, received a sentence of incarceration and is now free, as earlier indicated, subject to the terms of parole. *Pilchak*, 741 F.Supp. at 785.

**3.** Within three months after the Pilchak trial, Mr. Allred left the public defender staff after two Cole County circuit judges approached the public defender about Mr. Allred's memory losses while in court.

dice as outlined in *Wainwright* before the federal court may consider the jury selection allegations on their merits. We think the district court reached the right conclusion. We affirm, however, on a different basis.

Missouri also argues that procedural default occurred on the ineffective assistance of counsel claim. Again, however, we do not have to arbitrate this argument because our decision is based upon other grounds.

We start with an analysis of the holding in *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). Justice O'Connor noted, in *Smith*, that

> " '[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.' " Accordingly, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."

*Id.* at 537, 106 S.Ct. at 2668 (citations omitted) (quoting *Murray*, 477 U.S. at 495–96, 106 S.Ct. at 2649).

Our circuit, while recognizing that the *Murray* exception to the cause-prejudice analysis is very narrow, has transported the exception into the sentencing phase of a trial. *See Jones v. Arkansas*, 929 F.2d 375 (8th Cir.1991). In *Jones*, the appellant was sentenced to life imprisonment without eligibility for parole plus a term of thirty years, in violation of state statute. Jones' sentence was otherwise not extraordinary because he was found guilty of a violent crime and had been convicted of two prior felonies and was contemporaneously adjudged an habitual offender. Pilchak, who faces life in prison for a bit part in a drug conspiracy engineered by her then boyfriend, on the other hand, had never been, as we understand the record, convicted of any prior offense, felony or otherwise.

The district court found that Mr. Allred's "mentally debilitating disease" suffered at the time of trial, caused him, among other things, to improvidently call Pilchak as a witness at trial. *Pilchak*, 741 F.Supp. at 799. This "opened the floodgates of rebuttal evidence" that prompted the jury, according to its foreman, who testified before the district court, to convict Pilchak and recommend a sentence of life imprisonment. The trial judge, taking his cue from this jury recommendation, stated, at imposition of sentence, "[petitioner] wanted a jury trial, and she got it, and that includes the punishment factor." *Id.* at 797. The trial judge also observed that had the jury received the information on coercion directed against Pilchak by Gary Erwin McCaw, the drug conspiracy ringleader, "it might have been a different story; but it isn't what the jury got." [4] *Id.*

It is difficult to conceive of a more "fundamentally unjust," *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1576, 71 L.Ed.2d 783 (1982), situation than we have in this case. Pilchak was entitled to a trial before an unbiased jury while being represented by a competent lawyer, even if we concede that the evidence available to the prosecution may have been sufficient to convict her of drug conspiracy. More to the point in the application of the *Murray* exception, however, is that Pilchak, in this case, was not the proper subject for a sentence of a lifetime of incarceration.[5] In this regard, we again point out that the principal conspirator, McCaw, was sentenced to a term of years, which sentence has resulted in his already having gained his freedom.

---

**4.** The presentence report and other information available to the judge at sentencing apparently made reference to Pilchak's participation being, at least in part, the result of coercive acts imposed upon Pilchak by Mr. McCaw. *Pilchak*, 741 F.Supp. at 797.

**5.** We have chosen not to discuss in detail the basis for our believing that the sentence was improper. We think that there are elements of equal protection, substantive due process, and unusual punishment involved in the lifetime sentence, any one of which may be sufficient under the facts of this action to support our position.

We are comfortable in applying in this situation the rationale of *Jones*, which application, in turn, applies the *Murray* exception to Pilchak. The district court was, therefore, correct in considering the section 2254 claims on their merits. Consideration on the merits causes us to conclude that the writ should issue. We affirm the district court and direct Missouri to provide Pilchak a new trial.[6]

## III. CONCLUSION

We believe that this is an unusual case. We do not reach a decision that permits a by-pass of the cause-prejudice requirements of *Wainwright* without some trepidation. There are times, however, that justice requires a more expansive and compassionate application of the rules. This is one of those times.

It is not our intent to trend toward an end-run around the cause-prejudice requirements enacted by the Supreme Court and this opinion should not be considered precedent for such an approach. We affirm the district court, nonetheless, and remand with directions to grant the writ in accordance with this opinion.

---

**6.** A writ requiring only a new sentence imposed without consideration of the jury recommendation was also a viable option. The jury verdict, however, involved both guilt and sentencing aspects which were (and remain) inextricably intertwined. It is our view, therefore, that justice requires a new trial on both the guilt and sentencing phase if, indeed, the state feels that a new trial is necessary, given the length of time Pilchak has already been in jail.