———————
No. 95-2906
———————

William J.R. Embrey,                    *
                                        *
          Petitioner-Appellant,         *
                                        *  Appeal from the United States
     v.                                 *  District Court for the
                                        *  Western District of Missouri.
Greg Hershberger, Warden,               *
United States Medical Center            *
for Federal Prisoners,                  *
                                        *
          Respondent-Appellee.          *

———————
          Submitted:  September 12, 1996

                Filed:  January 31, 1997
———————

Before McMILLIAN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

LAY, Circuit Judge.


     On March 11, 1979, William J.R. Embrey and another man, Luie White, both armed, approached Darrell Spillers and his family at their home in Southwest City, Missouri, and demanded money.  Spillers, a local bank official, obtained over $11,000 from his bank while the two men held his family hostage.  Embrey and White fled into Oklahoma in Spillers' car, taking Spillers with them as "insurance" in case Spillers had alerted the police while he was at the bank.  When they arrived at a "getaway" car, Embrey and White released Spillers, and his car, unharmed.


     Embrey was later convicted in the United States District Court for the Western District of Missouri on charges of armed bank robbery, in violation of the Federal Bank Robbery Act ("FBRA"), 18 U.S.C. § 2113(a) and (d), and kidnapping, in violation of the Federal Kidnapping Act, 18 U.S.C. § 1201.  On September 19, 1980,

Embrey was sentenced to two consecutive twenty-year terms of imprisonment.[1]

Embrey's conviction was affirmed by this court in an unpublished opinion. See United States v. Embrey, 657 F.2d 273 (8th Cir. 1981) (Table). On his direct appeal, Embrey did not challenge his separate conviction or sentence under the kidnapping statute, 18 U.S.C. § 1201. In 1989 Embrey filed a claim in the Western District of Missouri, challenging his kidnapping conviction and his sentence. The district court rejected that claim and on appeal the case was dismissed by an administrative panel of this court. Our court, based upon the record made in the district court, concluded, in an unpublished order, that the appeal was "without merit" and dismissed the appeal under the then existing Eighth Circuit Rule 12(a).[2] Since 1989, Embrey has filed numerous other § 2255 petitions asserting various claims challenging his conviction and sentence. As the government points out, in at least three or four of these petitions Embrey repeated his claim that his conviction and sentence under § 1201 was unlawful. On each occasion after his first petition this court has by administrative order dismissed his appeal on the grounds that it constituted a successive petition.

On June 23, 1994, Embrey filed this petition for writ of habeas corpus which was construed by the district court as a

---

[1]That same day, Embrey was also sentenced to two fifteen-year terms for two additional armed bank robberies. The two fifteen-year sentences ran concurrently with each other and with the sentence received in the bank robbery and kidnapping sentences at issue here.

[2]Rule 12(a) has been replaced by our present Rule 47(a) which allows the court on its own motion to dismiss an appeal if the appeal is "frivolous and entirely without merit." The petitioner did not file a brief nor did this court file any written opinion other than the order mentioned above. Embrey v. United States, 889 F.2d 1092 (8th Cir. 1989) (Table) (No. 89-1786).

petition filed pursuant to 28 U.S.C. § 2255. Embrey argued that at the time of his robbery and kidnapping conviction the district court erred in imposing consecutive sentences for his kidnapping and armed robbery convictions. He basically urged that the district court lacked authority to convict and sentence him for kidnapping under § 1201 and at the same time convict him for bank robbery under 18 U.S.C. § 2113. Embrey asserted that Congress intended to limit federal bank robbery prosecutions to a single count charging the appropriate level of crime and, in doing so, Congress precluded additional charges for conduct within the coverage of § 2113 under other statutes outside the FBRA. The district court once again dismissed Embrey's petition as a successive petition. Petitioner has again appealed. In this appeal, petitioner successfully moved to appoint a lawyer, and the parties fully briefed the case and orally argued the issues to this court.

In light of the historical treatment given to Embrey's unsuccessful petitions, it is readily understandable that the United States has once again moved to dismiss Embrey's appeal on the ground that he has abused the writ and that his petition should be dismissed as successive.[3] The government has not urged the procedural bypass rule, and for purposes of this appeal we deem it waived.[4] In response, Embrey urges that § 2244(a) allows review of a successive petition if it may be said that the "ends of justice" require it.

Embrey urges that he has never had a full review in this court

---

[3]A successive petition is one which raises grounds identical to those heard and rejected on the merits in a previous petition; an abusive petition is one in which a prisoner makes claims that were available but were not relied upon in a prior petition, or otherwise engages in conduct that disentitles him to the relief he seeks. Schlup v. Delo, 115 S. Ct. 851, 863 n.34 (1995).

[4]See Gray v. Netherland, 116 S. Ct. 2074, 2082 (1996).

of the issue he now raises.  On prior appeals he was never afforded the appointment of counsel or full briefing of the issues raised.  Embrey has now completed his sentence under the bank robbery convictions, and is now serving time solely on the basis of his conviction under the kidnapping statute.  He urges that § 1201 was not applicable to him under the circumstance of the charges made.  In attempting to avoid the charge of successive appeals, Embrey relies on the language of Justice O'Connor in Murray v. Carrier:

> "[i]n appropriate cases" the principles of comity and finality that inform the concepts of cause and prejudice "must yield to the imperative of correcting a fundamentally unjust incarceration." . . .  Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

477 U.S. 478, 495-96 (1986).  This test has been stated as the "actual innocence" test.  Sawyer v. Whitley, 505 U.S. 333, 339 (1992).  The Court has recognized the difficulty translating and applying the actual innocence test to a capital sentence.  Id. at 339-40 (citing Smith v. Murray, 477 U.S. 527, 537 (1986)).  In applying the test, the Court in Sawyer adopted an "eligibility" test.  See Schlup, 115 S. Ct. at 865.  This test requires courts to analyze whether the petitioner would have been "eligible" for the sentence received if the claimed constitutional violation had not occurred.[5]

---

[5]The dissent urges that the majority adopts the rationale of Jones v. Arkansas, 929 F.2d 375 (8th Cir. 1991), which applied the "actual innocence" exception to a defendant sentenced under a habitual offender statute that did not apply to him.  The majority opinion does not rely upon Jones v. Arkansas.  That was a state habeas case, but this is a claim by a federal prisoner under § 2255.  The dissent urges that Sawyer v. Whitley, 505 U.S. 333 (1992) changed that ruling.  We agree.  Sawyer, for the first time, applies an "eligibility" test which clarifies the confusing nomenclature of "actual innocence," when applied to an illegal sentence.  However, there is nothing in Sawyer which limits the "ends of justice" test to death cases.

The Supreme Court has "emphasized that the miscarriage of justice exception is concerned with actual as compared to legal innocence." Sawyer, 505 U.S. at 339. However, the adoption of the eligibility test for applying the actual innocence exception to the sentencing phase of a given case necessarily focuses the inquiry on more "objective factors." Id. at 347; see Waring v. Delo, 7 F.3d 753, 757 (8th Cir. 1993) (stating that after Sawyer application of the "actual innocence exception in a noncapital sentencing case must be defined by a narrow, objective standard"). Under these circumstances, the question of actual innocence in sentencing becomes more akin to a mixed question of fact and law. In the present case, Embrey claims he is actually innocent of the sentence not because of some constitutional procedural violation, but because the sentence could not have been legally imposed (i.e. he was objectively ineligible).

Section 2244(a) applies the ends of justice standard to all claims under § 2255 and has no express limitation confining the test to only capital cases. Additionally, in Smith, the Court rejected the contention that application of procedural default principles should depend "on the nature of the penalty" imposed. 477 U.S. at 538. The Court has consistently reiterated that the Great Writ, guided by its statutory and judicial limitations, is the appropriate mechanism for "correcting a fundamentally unjust incarceration." Engle v. Isaac, 456 U.S. 107, 135 (1982); see Schlup, 115 S. Ct. at 864; Carrier, 477 U.S. at 495. Requiring an individual to serve twenty years of a sentence he was not eligible to receive epitomizes a fundamentally unjust incarceration.[6]

---

[6]The dissent urges that the claimant is actually attacking his conviction for kidnapping and not his sentence. This misreads petitioner's challenge and this court's opinion. There is no doubt the record demonstrates that petitioner was guilty of violating the federal kidnapping statute under § 1201. The basic question is whether the defendant may be given consecutive sentences under both the bank robbery statute and the federal kidnapping act. Adopting the language of Simpson v. United States, 435 U.S. 6 (1978), as applied to this case, Congress had not "authorized the imposition of the additional penalty of [§ 1201 for federal kidnapping] already subject to enhanced punishment under [§ 2113(e)]." Id. at 13.

The argument Embrey now makes is that he was not eligible to be convicted under § 1201 and to receive a consecutive twenty-year sentence in addition to his sentence for the bank robbery. We are satisfied that if Embrey is correct on the merits, he has met the ends of justice test as interpreted by the Supreme Court in that if the district court erred in sentencing him under the § 1201 kidnapping charge, Embrey was not eligible for a sentence under that statute.[7]

Embrey is a federal prisoner. Under § 2255, a petitioner may seek release from custody if his sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C.

---

[7]Applying the eligibility test to a noncapital case appears to be in accord with at least three courts of appeals, including this court. United States v. Maybeck, 23 F.3d 888, 893 (4th Cir. 1994) (finding no rationale for limiting the actual innocence exception to death cases and holding the exception applies in noncapital sentencing enhancement cases); Mills v. Jordan, 979 F.2d 1273, 1279 (7th Cir. 1992) (concluding that application of the actual innocence exception to noncapital habitual offender proceedings is consistent with Sawyer v. Whitley); Pilchak v. Camper, 935 F.2d 145, 148 (8th Cir. 1991) (applying the actual innocence exception to a defendant who was "not the proper subject for a sentence of a lifetime of incarceration"); see also Sones v. Hargett, 61 F.3d 410, 418-19 & n.16 (5th Cir. 1995) (assuming arguendo that the actual innocence exception applies to noncapital sentencing cases); Smith v. Collins, 977 F.2d 951, 959 (5th Cir. 1992) (same). But see Selsor v. Kaiser, 22 F.3d 1029, 1035-36 (10th Cir. 1994) (holding actual innocence exception only applies to sentencing cases where petitioner can show factual innocence of a sentencing element that was not required for proof of the underlying conviction); United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) (holding the actual innocence exception cannot be extended in a noncapital sentencing case); Estrada v. Witkowski, 816 F. Supp. 408, 415 (D.S.C. 1993) (stating that actual innocence exception will not be applied because petitioner was convicted of a noncapital offense).

§ 2255 (emphasis added); see Davis v. United States, 417 U.S. 333, 342-45 (1974).  In the present case, we review the issue in terms of congressional intent and find it unnecessary to review Embrey's claim on constitutional grounds.

Sentence Under the Kidnapping Statute

Embrey was convicted and sentenced under the FBRA and the Federal Kidnapping Act.  He argues that his sentence under the dual conviction is illegal because the offenses of bank robbery and associated kidnapping are fully encompassed within the FBRA and Congress has directed that he should be sentenced only under the FBRA.[8]

---

[8]The statute, entitled "Bank robbery and incidental crimes," provides in relevant part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

. . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

-7-

The Supreme Court addressed an analogous contention in <u>Simpson v. United States</u>, 435 U.S. 6 (1978).  In <u>Simpson</u>, the defendants were found guilty of two bank robberies and of using firearms to commit the robberies, in violation of § 2113 (a), (d), and 18 U.S.C. § 924 (c),[9] and were given consecutive sentences on the robbery and firearms counts.  The government argued that the convictions and consecutive sentences were justified as distinct offenses under the <u>Blockburger</u> test. <u>Id.</u> at 10-11.  The Supreme Court held that it was not necessary to reach that constitutional issue, because Congress had not "authorized the imposition of the additional penalty of § 924(c) for commission of bank robbery with firearms already subject to enhanced punishment under § 2113(d)." <u>Id.</u> at 13.  In addition to the legislative history of § 924(c), the Court relied on two rules of statutory construction.[10]  First,

---

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

18 U.S.C. § 2113.

[9]Section 924(c) makes it illegal to use a firearm in the commission of any felony.

[10]While these principles of statutory construction may be important in deciding the merits of Embrey's appeal, there is one important difference between <u>Simpson</u> and this case.  In <u>Simpson</u>, the government charged the defendant twice, under § 2113(d) and § 924(c), for committing the bank robbery with a firearm.  The government sought separate convictions and consecutive sentences for robbing a bank with a firearm, under § 2113(d), and using a firearm in the commission of a felony, under § 924(c).  In the present case, while it may have been improper for the district court to convict Embrey under a statute outside the FBRA for conduct within its coverage, the rationale must be slightly different than that in <u>Simpson</u>.  In charging Embrey, the government did not use the FBRA and an outside statute to charge him twice for the same act, but rather fragmented the act to obtain convictions

where there is ambiguity concerning the scope of criminal statutes, "doubt will be resolved against turning a single transaction into multiple offenses." Id. at 15 (citations omitted).  Second, the Court supported its holding with a parallel theory, that where two statutes may apply, the terms of the more specific statute control.  Id. at 15.[11]

In United States v. Leek, 665 F.2d 383 (D.C. Cir. 1981), the defendant pled guilty to violating the FBRA, § 2113(a), which penalizes entry with intent to commit robbery, and to a District of Columbia statute penalizing assault with a dangerous weapon, which was chargeable under § 2113(d).  Applying United States v. Canty, 469 F.2d 114 (D.C. Cir. 1972) (per curiam), the court held that it was reversible error to "fragment the robbery and venture outside the federal scheme for a peg on which to hang the aggravated

---

and sentences for armed bank robbery in violation of § 2113(a) and (d), and kidnapping in violation of § 1201.

[11]In 1984 Congress expressly overruled Simpson and Busic v. United States, 446 U.S. 398 (1980), concluding that 18 U.S.C. § 924(c) should provide a mandatory sentence for all persons committing felonies with a firearm, "including those crimes set forth in statutes which already provide for enhanced sentences for their commission with a dangerous weapon." S. Rep. No. 98-225 at 313 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3491.  The Senate Judiciary Committee Report specifically directed that armed bank robbery should be prosecuted under § 2113(a), (d), and § 924(c), expressly authorizing duplicate punishment and venturing outside the FBRA to obtain a consecutive sentence under § 924(c). Id. Embrey asserts that "[t]his deliberate and pointed language indicates that the all-inclusive bank robbery punishment scheme remains intact unless explicitly overridden by Congress as it did with particularity in the 1984 weapons enhancement provision." (Appellant's Reply Brief at 17-18).

In 1986 Congress amended § 2113(a) to expressly cover extortion directed at federally insured banks and make it the "exclusive provision for prosecuting bank extortion."  H.R. Rep. No. 99-797, at 33 (1986), reprinted in 1986 U.S.C.C.A.N. 6138, 6156.  The Committee Report stated that extortionate conduct had been prosecutable under either the FBRA or the Hobbs Act, and concluded that "clarification as to which should be the applicable statute is desirable."  Id.

-9-

component of the offense." Leek, 665 F.2d at 387; see United States v. Snell, 550 F.2d 515, 517 (9th Cir. 1977) (holding that the FBRA "provides exclusive federal remedies for offensive conduct fully within its 'coverage'"); United States v. Beck, 511 F.2d 997, 1000 (6th Cir. 1975) (citing Canty, and holding that the FBRA "was intended to exclusively proscribe conduct within its 'coverage'"). The court emphasized that the Blockburger analysis was irrelevant, Leek, 665 F.2d at 388-89, because the second conviction was not authorized by Congress, and therefore was "illegal and in excess of judicial authority." Id. at 390.[12]

As the Leek court found, Prince v. United States, 352 U.S. 322 (1957), and its progeny, also support the argument that an additional sentence, based on an outside statute, for conduct within the coverage of the FBRA is illegal. See Leek, 665 F.2d at 387 n.36. In Prince, the Court prohibited the pyramiding of sentences under the FBRA, based on the legislative history and the principle that multiple punishments will not be imposed without clear congressional authorization. Therefore, defendants can receive only one conviction and sentence for violation of the several provisions of the FBRA. United States v. Pietras, 501 F.2d 182, 187-88 (8th Cir. 1974); United States v. Delay, 500 F.2d 1361, 1367 (8th Cir. 1974); Jones v. United States, 396 F.2d 66, 69 (8th

---

[12]The Eighth Circuit has never decided the issue before us. However, this court, at least in dicta, has recognized validity in Embrey's argument. In United States v. Roundtree, 527 F.2d 16, 19-20 (8th Cir. 1975), Judge Heaney, writing for the panel, stated that the FBRA "is a comprehensive statute containing special provisions for increased punishment for aggravated offenses. It is intended to cover most of the aggressions that may arise from a bank robbery and provides additional penalties within a single conviction for aggravated offenses." Id. (emphasis added). On another occasion, this court stated that "[i]n drafting § 2113, Congress intended to limit federal bank robbery prosecutions to a single count charging the appropriate level of crime and precluding additional charges for conduct within § 2113's coverage under statutes outside the scheme." United States v. Phillips, 522 F.2d 388, 392 (8th Cir. 1975) (citing United States v. Canty, supra).

Cir. 1968). Here, the United States argues that it is lawful to go outside the FBRA and obtain an additional conviction and sentence for behavior covered within the FBRA. We reject this argument. The same principles that allow only one sentence for violation of the several provisions of the FBRA suggest that additional sentences based on outside statutes for activity covered under the FBRA are illegal. Indeed, it would be inconsistent with the Supreme Court's interpretation of the FBRA and its legislative history, prohibiting multiple punishments under the FBRA itself, to allow the imposition of punishments under the FBRA <u>and</u> an outside statute for illegal activity clearly covered under the FBRA, absent congressional direction to the contrary.

The United States argues that where an offense constitutes a violation of two statutes, separate convictions and cumulative punishments are permissible if each crime requires proof of a fact that the other does not. (Appellee's Brief at 5, citing <u>United States v. Woodward</u>, 469 U.S. 105 (1985) (per curiam), <u>Albernaz v. United States</u>, 450 U.S. 333 (1981), and <u>Blockburger v. United States</u>, 284 U.S. 299 (1932)). Applying the <u>Blockburger</u> test, the United States urges that the consecutive sentences were permissible because the convictions were for separate offenses with distinct elements of proof.

However, in <u>Albernaz</u>, the Supreme Court explained that the <u>Blockburger</u> analysis is controlling only where there is no clear indication of contrary legislative intent. <u>Albernaz</u>, 450 U.S. at 336-38. Here we deem it patent that Congress intended the FBRA to be the comprehensive and exclusive remedial provision for federal bank robbery prosecutions. <u>Leek</u>, 665 F.2d at 387. This court has recognized that the FBRA is a comprehensive scheme precluding additional charges for conduct within its coverage under outside statutes. <u>United States v. Phillips</u>, 522 F.2d 388, 392 (8th Cir. 1975).

The United States also asserts that the district court could impose consecutive sentences for the two convictions, citing cases it maintains are analogous. First, United States v. Dotson, 546 F.2d 1151, 1153 (5th Cir. 1977), the only reported case with similar facts and convictions, is cited for the proposition that separate convictions and sentences for violation of the FBRA and § 1201 are valid. However, the cursory discussion in Dotson merely points out that Prince is not directly controlling, and the Dotson court therefore affirmed the concurrent sentences. Id. Second, the United States cites three cases from other circuits to support the imposition of consecutive sentences for federal bank robbery and other offenses. However, these cases do not discuss the issue Embrey raises, and more importantly, all impose the second sentence for an illegality not then covered by the FBRA. See United States v. Davis, 573 F.2d 1177 (10th Cir. 1978) (bank robbery and conspiracy); United States v. Welty, 426 F.2d 615, 619 n.15 (3d Cir. 1970) (same); United States v. Allen, 797 F.2d 1395 (7th Cir. 1986) (bank robbery and possession of a firearm by a felon, explicitly distinguishing Simpson v. United States).

We conclude that Embrey's appeal falls within the ends of justice test; that he was not eligible for the consecutive sentence of twenty years under § 1201 since the bank robbery statute fully encompasses the integrated conduct of kidnapping and bank robbery involved here. We remand to the district court with directions to vacate the conviction and sentence under § 1201.[13]

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I do not believe that Jones v. Arkansas, 929 F.2d 375 (8th Cir. 1991) remains good law after Sawyer v. Whitley, 505 U.S. 333

---

[13]Embrey's appeal is governed by the law in effect before § 2254 was amended by Congress in 1996. In this sense, most of what the dissent perceives in its final paragraph is irrelevant to future cases.

-12-

(1992). <u>Sawyer</u>, I think, holds that the actual innocence exception to the bar to hearing habeas claims applies to sentences only if the sentence is death. <u>See</u> <u>United States v. Richards</u>, 5 F.3d 1369 (10th Cir. 1993). It seems to me unlikely that the Supreme Court intended to hold (or will hold) that federal sentencing errors are not barred from review when they have already been raised and rejected in a collateral proceeding, either on the merits or because they had been procedurally defaulted. I see no reason to believe, moreover, that the Supreme Court will read the "ends of justice" language to create rights for federal prisoners that state prisoners do not have under 28 U.S.C. § 2254.

Even if <u>Jones v. Arkansas</u> remains good law, its principle is inapplicable here. The petitioner's complaint in this case is not that he is ineligible for the sentence imposed on him; his complaint is that he was ineligible for the conviction. In other words, he is not asserting that some sentencing statute or guideline was wrongly applied, he is asserting that the substantive criminal law was wrongly applied to him. This is what the cases have come to call "legal innocence," and such claims cannot overcome procedural bars to habeas claims. Only factual innocence can do that. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S. Ct. 851, 867 (1995); <u>Pitts v. Norris</u>, 85 F.3d 348, 350 (8th Cir. 1996).

The court's decision, moreover, undermines numerous decisions of this court and others that hold that a person convicted of a federal crime must raise objections to his sentence in the district court and on appeal before he can proceed under 28 U.S.C. § 2255. <u>Ramey v. United States</u>, 8 F.3d 1313, 1314 (8th Cir. 1993); <u>United States v. Wilson</u>, 997 F.2d 429, 431 (8th Cir. 1993); <u>United States v. Ward</u>, 55 F.3d 412 (1995). It is true that in this case the government argued only that the prisoner's petition was successive, not that the petitioner had defaulted (although he had), but the actual innocence exception operates to lift the procedural bar in the same way in both contexts. The effect of today's ruling is

therefore not only that claims actually decided adversely to a prisoner complaining of a statutory sentencing error by a federal court are entitled to an infinite number of successive reviews; it means also that a procedural default is never a bar to an initial collateral review of an alleged federal sentencing error, or indeed to any number of successive ones thereafter.  This holding is all the more remarkable because it comes in a legal environment in which the law of habeas corpus is tending more and more toward adopting the principles of res judicata that obtain in other kinds of civil proceedings.

I therefore respectfully dissent.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.