Delbert MOBLEY, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civil Action No. 97–650–AM.
Criminal No. 92–307–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 1, 1997.

James C. Savage, Rockville, MD, for Petitioner.

Helen F. Fahey, U.S. Atty., Andrew McBride, Asst. U.S. Atty., Eugenia Broustouris, Third–Year Law Intern, Alexandria, VA, for Respondent.

## MEMORANDUM OPINION

ELLIS, District Judge.

This matter is before the Court on a petition by Delbert Mobley to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. At issue is whether an "actual innocence" exception to the *Frady* [1] cause requirement applies where, as here, a statutorily mandated sentence is imposed on a defendant on the basis of a material error in the defendant's official criminal record.

### I.

On September 23, 1992, Mobley was convicted by a jury of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).[2] Thereafter, on December 4, 1992, Mobley was sentenced, pursuant to 18 U.S.C. § 924(e)(1),[3] to a mandatory minimum fifteen year sentence, based on his record of three prior violent felony convictions in the Superior Court of the District of Columbia. Mobley now contends that his criminal history at the time properly included only two, not three, prior violent felony convictions, and hence that it was error for the sentencing court to apply § 924(e)(1). And, indeed, the record reflects that in 1975, two violent felony convictions were erroneously entered on Mobley's criminal records in the Superior Court of the District of Columbia when, in fact, Mobley had been convicted of only one

---

1. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982).

2. Section 922(g)(1) provides, in pertinent part, that

    [i]t shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3. Section 924(e)(1) provides, in pertinent part, that

    [i]n the case of a person who violates section 922(g) of this title and **has three previous convictions** by any court referred to in section 922(g)(1) of this title **for a violent felony** or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and **imprisoned not less than fifteen years** ... (emphasis added).

such felony. Specifically, it now appears that Mobley pled guilty in 1975 to assault with intent to commit robbery, and that a companion robbery charge was dismissed pursuant to the plea agreement. Nevertheless, the companion robbery charge was erroneously entered on Mobley's record as a conviction, and this conviction provided the third violent felony conviction that triggered the fifteen year mandatory minimum sentence under § 924(e)(1).

Mobley had ample notice of the significance of his erroneous record, given that the government filed a notice of enhancement nearly five months prior to sentencing setting forth the two 1975 violent felony convictions and a 1978 conviction for robbery as the three predicate felonies for the application of § 924(e)(1). Yet, Mobley raised no challenge to the accuracy of the presentence report or his criminal record at sentencing or on direct appeal, and he was sentenced, based on that erroneous record, to his present enhanced term.

On May 29, 1996, almost four years after his sentencing, Mobley filed a *pro se* "Application for Writ of Coran [sic] Nobis" in the Superior Court of the District of Columbia seeking correction of his criminal conviction record. This application ultimately succeeded. Thus, on November 5, 1996, the Superior Court of the District of Columbia corrected Mobley's criminal record to reflect the dismissal of the 1975 robbery charge.[4] Thereafter, on April 18, 1997, Mobley filed the instant petition, in which he contends that the § 924(e)(1) mandatory minimum fifteen year sentence should be vacated given that he has only two, not three, violent felony convictions.[5] In response, the government

contends (i) that Mobley has defaulted his challenge to the predicate convictions relied on in his sentencing, and (ii) that the error in recording a non-existing 1975 conviction is immaterial.

## II.

■ The threshold issue is whether Mobley has defaulted his right to habeas relief on the error asserted in the instant petition. Mobley failed to raise the error in his criminal record at the time of sentencing or on direct appeal to the Fourth Circuit.[6] The doctrine of procedural default typically bars consideration of a claim in a collateral proceeding where that claim could have been, but was not, raised at trial or on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). And under this doctrine, Mobley must meet a two part "cause and prejudice" test in order to raise the defaulted claims in this collateral proceeding. *See United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982); *United States v. Maybeck*, 23 F.3d 888, 890 n. 1 (4th Cir.1994).

■ The "cause and prejudice" requirement is a familiar part of federal habeas law, and plays an important role both in ameliorating the significant burdens on federal courts posed by habeas petitions and in supporting the principles of comity and finality in judgment. *See Schlup v. Delo*, 513 U.S. 298, 316–20, 115 S.Ct. 851, 862–63, 130 L.Ed.2d 808 (1995).[7] Thus, this requirement has been applied to govern the consideration of procedurally defaulted claims on collateral

4. *United States v. Mobley*, F–8903–74, (D.C.Super. Ct., Crim. Div. Order dated November 5, 1996).

5. Mobley previously contested his sentence on direct appeal, challenging the Court's conclusion that robbery should be deemed a "violent" felony under § 924(e). This challenge was rejected by the Court of Appeals for the Fourth Circuit. *See United States v. Mobley*, 40 F.3d 688, 694–696 (4th Cir.1994), *cert. denied*, 514 U.S. 1129, 115 S.Ct. 2005, 131 L.Ed.2d 1005 (1995).

6. Indeed, at sentencing, a petitioner has "an affirmative duty to make a showing that the

information in the presentence report is unreliable...." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir.1990) (citing *United States v. Mueller*, 902 F.2d 336, 346 (5th Cir.1990)). Mobley not only failed to show that his presentence report was erroneous, he failed even to mention the error.

7. *See also McCleskey v. Zant*, 499 U.S. 467, 490–91, 111 S.Ct. 1454, 1468–69, 113 L.Ed.2d 517 (1991) ("The doctrines of procedural default and abuse of the writ implicate nearly identical concerns flowing from the significant costs of federal habeas corpus review.").

review,[8] as well as the consideration of successive or abusive petitions for federal habeas relief.[9]

In essence, the "cause and prejudice" test requires that,

> [t]o obtain collateral relief on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.

*Frady*, 456 U.S. at 167–68, 102 S.Ct. at 1594–95. "Cause" excusing a default, under the *Frady* standard, ordinarily must be "some objective factor external to the defense" which impeded counsel in raising the claim. *See Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645. Thus, for petitioners seeking to raise a new claim on collateral review, the "cause and prejudice" standard creates a "significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166, 102 S.Ct. at 1593.

■ Yet, the writ of habeas corpus is, "at its core", an equitable remedy that precludes application of "strict rules of res judicata." *Schlup*, 513 U.S. at 319, 115 S.Ct. at 863. In this regard, the Supreme Court has recognized that the important principles supported by the "cause and prejudice" requirement must, in narrow circumstances, yield to fundamental principles of justice. *See Carrier*, 477 U.S. at 495–96, 106 S.Ct. at 2649–50. For while the "cause and prejudice" standard typically provides adequate protection against a "fundamental miscarriage of justice," the Supreme Court "has candidly refused to 'pretend that this will always be true.'" *Schlup*, 513 U.S. at 320, 115 S.Ct. at

864 (citing *Carrier*, 477 U.S. at 496, 106 S.Ct. at 2649–50). As the Supreme Court instructed in *Carrier*,

> "[i]n appropriate cases" the principles of comity and finality that inform the concepts of cause and prejudice "must yield to the imperative of correcting a fundamentally unjust incarceration."

*Id.* Thus, in "appropriate cases", *i.e.*, those cases that satisfy the "actual innocence" test, a saving exception is provided to petitioners who fail to meet the "cause and prejudice" requirement for raising defaulted challenges to a conviction or sentence.[10] While recognizing that the "actual innocence" exception does not translate easily when considering a challenge to a sentence, the Supreme Court has consistently applied this exception where a petitioner challenges a capital sentence. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992); *Dugger v. Adams*, 489 U.S. 401, 410–12, 109 S.Ct. 1211, 1217–18, 103 L.Ed.2d 435 (1989); *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986). Thus, in the capital sentencing context, the "actual innocence" inquiry focuses on the objective factors relevant to a sentencing, seeking to determine whether a petitioner would have been "eligible" for the sentence had the relevant errors been avoided. *See Sawyer*, 505 U.S. at 347, 112 S.Ct. at 2523. More controversial, however, has been the extension of the "actual innocence" exception in the context of challenges to a non-capital sentence.

■ While some courts have limited the extension of the "actual innocence" exception in the context of sentencing to capital sentences,[11] a majority of circuits consider-

---

**8.** *See Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

**9.** *See Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (successive petitions); *McCleskey*, 499 U.S. at 467, 111 S.Ct. at 1454 (abusive petitions).

**10.** The "actual innocence" exception is concerned with actual, as compared to legal, innocence. *See Sawyer*, 505 U.S. at 339–40, 112 S.Ct. at 2518–19. Legal innocence addresses procedural or legal bases on which a sentence was based. *See Smith v. Murray*, 477 U.S. 527, 537,

106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986). In contrast, actual innocence addresses circumstances in which an error "precluded the development of true facts [or] resulted in the admission of false ones." *Id.* at 538, 106 S.Ct. at 2668.

**11.** *See United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir.1993) (holding that actual innocence exception cannot be extended to non-capital sentencing case); *Estrada v. Witkowski*, 816 F.Supp. 408, 415 (D.S.C.1993) (refusing to apply actual innocence exception because petition was convicted of non-capital offense).

ing this question have not.[12] For example, the "actual innocence" exception has been applied with respect to challenges to non-capital sentences on the basis of (i) a petitioner's ineligibility to receive two separate, consecutive sentences for integrated criminal conduct,[13] **and (ii) a petitioner's proper classification as a habitual offender.[14]** Significantly, the Fourth Circuit is among those circuits rejecting a limitation of the "actual innocence" exception to capital sentences. *See Maybeck,* 23 F.3d at 892–94. **Thus, in *Maybeck,* the panel concluded that *Frady*'s "cause and prejudice" standard would not apply to a habeas challenge by** a petitioner sentenced as a "career offender" under U.S.S.G. § 4B1.1 where one of two requisite predicate violent felonies had been mischaracterized in the presentence report as an "armed robbery" when, in fact, it was merely a conviction for burglary, a non-violent offense. *Id.* at 890. In reaching this conclusion, Judge Sprouse emphasized that

> it is an unacceptable deviation from our fundamental system of justice to automatically prevent the assertion of actual innocence simply because a defendant has not observed procedural avenues available to him.

12. *See Embrey v. Hershberger,* 106 F.3d 805, 808 (8th Cir.1997), *vacated and reh'g en banc granted,* 116 F.3d 826 (1997); *United States v. Maybeck,* 23 F.3d 888, 893 (4th Cir.1994); *Mills v. Jordan,* 979 F.2d 1273, 1279 (7th Cir.1992); *Pilchak v. Camper,* 935 F.2d 145, 148 (8th Cir.1991); *see also Sones v. Hargett,* 61 F.3d 410, 418–19 & n. 16 (5th Cir.1995) (assuming arguendo the actual innocence exception applies in non-capital sentencing cases). Indeed, while the Tenth Circuit rejected an extension of the "actual innocence" test to non-capital sentencing case in *United States v. Richards,* 5 F.3d 1369, 1371 (10th Cir.1993), a panel of that circuit later left the door open for challenges such as Mobley's. *See Selsor v. Kaiser,* 22 F.3d 1029, 1036 (10th Cir.1994). In that case, a Tenth Circuit panel stated that the actual innocence exception might apply where a petitioner shows factual innocence of a sentencing element that was not required for proof of an underlying conviction. *Id.* Thus, where, as here, a petitioner is factually innocent of an element of § 924(e) that is not an element of the underlying conviction, the Tenth Circuit may permit resort to the "actual innocence" exception.

13. *Embrey,* 106 F.3d at 808.

14. *See Mills,* 979 F.2d at 1279.

*Id.* at 892 (citing *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1575–76, 71 L.Ed.2d 783 (1982)). The panel concluded that the "actual innocence" exception applied because it was clear that Maybeck was innocent of a predicate offense and, thus, improperly sentenced as a career offender.[15] *Id.* at 893–894. Accordingly, in this circuit, "actual innocence" of a non-capital sentence excuses a petitioner from meeting the *Frady* "cause and prejudice" requirement for raising a defaulted claim.

■ These principles, applied here, point persuasively to the conclusion that Mobley's failure to challenge the error in his criminal record at sentencing or direct appeal does not preclude the availability of habeas relief from his enhanced sentence. The government contends that Mobley has not demonstrated an acceptable cause for his default. And, indeed, it appears that Mobley's excuses for his default are insufficient to constitute "cause" for the purposes of *Frady*.[16] Yet, Mobley is eligible for habeas relief notwithstanding his unexcused default because the record reflects that he is "actually innocent" of the enhanced sentence he received. *See Maybeck,* 23 F.3d at 893–94. The Superior

15. In *Maybeck,* the defendant was resentenced, but again was sentenced as a career offender. *See U.S. v. Maybeck,* 76 F.3d 376 (4th Cir.1996) (unpublished), *cert. denied,* —— U.S. ——, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). While the district court did not consider the conviction that was the subject of the defendant's challenge to his sentence, the defendant had been convicted of yet another predicate offense, a felonious escape, that was unknown to the sentencing court at the time of the original sentencing. *Id.*

16. Mobley gives two causes for his failure to raise the claim at his sentencing hearing. First, he contends that he did believe the Superior Court records were in error and mentioned this fact to his trial attorney. Yet, he accepted that his memory might have been incorrect and reasonably made no further inquiry. Second, he contends that any plea he might have made to the sentencing court, before the Superior Court records were examined and corrected, would have been rebuffed. Neither of these justifications meets the requirement for cause from some external, objective factor. *See Carrier,* 477 U.S. at 488, 106 S.Ct. at 2645.

Court's order correcting Mobley's record clearly establishes that he was never actually convicted of three violent felonies. Mobley merely appeared to have three convictions because of the error in the records. Thus, Mobley is actually "innocent" of having three predicate violent felony convictions, an essential element of the fifteen year mandatory minimum sentence under § 924(e). In other words, Mobley was actually ineligible for the fifteen year mandatory minimum sentence he received. Accordingly, the *Frady* "cause and prejudice" requirement does not bar the relief sought in the instant petition.

■ Indeed, this case vividly underscores the wisdom of *Maybeck*'s extension of the "actual innocence" exception beyond the capital sentencing area. In this instance, a clerical error in a court order led to the imposition of a 15 year mandatory minimum sentence under § 924(e) where, but for this error, the maximum sentence would have been 10 years, pursuant to § 924(a)(2).[17] "[J]ustice consists not only of convicting the guilty, but also of assigning them a lawful and just punishment." *United States v. Tayman,* 885 F.Supp. 832, 844 (E.D.Va. 1995). And here a miscarriage of justice is avoided only by allowing Mobley to seek habeas relief, notwithstanding procedural default. Moreover, it is worth noting that the "actual innocence" exception in these circumstances does not undermine legitimate interests in finality of judgment and conservation of judicial resources. As the Supreme Court noted in *Schlup,* substantial claims of "actual innocence" of a conviction or a sentence are "extremely rare." *Schlup,* 513 U.S. at 320–22, 115 S.Ct. at 864. Seldom will courts be confronted with cases where, as here, an official record of conviction reviewed by counsel and the Court is in error. Thus, avoiding individual injustice in these extraordinary cases does not run counter to significant and legitimate interests in

the systematic and efficient administration of justice.

■ This case holds no more than the following: where, as here, a specific sentence is statutorily mandated on the basis of a predicate criminal record and that criminal record is officially but erroneously recorded, a petitioner may obtain relief pursuant to 28 U.S.C. § 2255 without showing "cause" under *Frady.* Indeed, the result reached is no more than a recognition of a principle fundamental to our criminal justice system—the law should never ignore actual innocence and punish in the face of it.

### III.

Given that Mobley's failure to object to the error in his presentence report does not bar him from seeking relief from his enhanced sentence on the basis of this error, the analysis turns to whether, on the merits, habeas corpus relief is warranted.

■ Section 2255, in relevant part, authorizes a court to resentence a prisoner where "the sentence imposed was not authorized by law. . . ." The undisputed record, as corrected, reflects that Mobley had only two predicate violent felony convictions at the time of his sentencing. Thus, Mobley was ineligible for an enhanced mandatory-minimum sentence, pursuant to § 924(e). Accordingly, the sentence imposed on Mobley by the Court, pursuant to § 924(e), was not authorized by law. In these circumstances, § 2255 authorizes, and indeed compels, habeas relief.

The government contends that the error in Mobley's criminal record was immaterial to his eligibility for enhanced sentencing pursuant to § 924(e) and, thus, that Mobley's sentence was authorized by § 924(e). In essence, the government contends that any conviction, regardless of its validity, can serve as a predicate conviction in light of Congress' intent in § 924(e) to punish persons found in possession of firearms after

---

**17.** Moreover, while not excusing Mobley's procedural default, it is worth noting that an objection to the presentence report, supported only by the memory of the defendant, would almost certainly have been rejected by the sentencing court given the existence of an official court record that had stood unchallenged for almost twenty years. *See*

*Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that a sentence could be enhanced under Section 924(e) after a conviction under Section 922(g)(1) without providing defendant opportunity to attack prior conviction collaterally).

three violent felony convictions. Yet, this contention misses the point. This is not a case in which a petitioner attacks the validity of an underlying conviction. Mobley, rather, has proved that one of the three predicate convictions never existed at all. Thus, assuming, *arguendo*, that Congress intended to punish any person found in possession of firearms after three violent felony convictions, Congress did not intend to punish Mobley, who has only two violent felony convictions. Put another way, the government's argument ignores the fact that Mobley is "actually innocent" of § Section 924(e). Absent three convictions, Mobley cannot be sentenced under the plain language of § 924(e).[18]

Accordingly, Mobley's petition for relief pursuant to 28 U.S.C. § 2255 must be, and hereby is, granted.

A hearing will be scheduled to resentence petitioner under 18 U.S.C. § 924(a)(2).

---

**18.** The *Maybeck* panel recognized two possible exceptions to the actual innocence exception that, while not raised by the government, are material and should be addressed. First, the actual innocence exception should not be available to a defendant who was not prejudiced by the inclusion in the sentencing calculus of the aggravating act of which he is actually innocent. *See Maybeck*, 23 F.3d at 894. In the present case, Mobley clearly was prejudiced by the inclusion of the erroneous conviction record. The inclusion resulted in Mobley receiving the mandatory minimum fifteen year sentence under Section 924(e) rather than a maximum of ten years under Section 924(a)(2).

Second, the *Maybeck* panel evinced concern for possible prejudice to the government in a remand for a new trial or a new sentencing. *Id.* This prejudice may result from the passage of time, the routine destruction of evidence, fading memories of witnesses, and from having relinquished the opportunity to prosecute on further counts when a plea agreement was negotiated. *Id.* In the present case, these factors are not present. Mobley requests resentencing and not a new trial, and Mobley's conviction was the result of a jury trial and not a plea agreement in which the government relinquished the opportunity to prosecute further counts.