**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERRY ARNOLD MESSER,

    Defendant - Appellant.

No. 18-4089
(D.C. Nos. 4:18-CV-00009-TS and
2:13-CR-00128-TS-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Federal prisoner Terry Messer, proceeding pro se, moved in district court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The court dismissed the motion as untimely filed. Mr. Messer seeks a certificate of appealability ("COA") to challenge this ruling. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 motion). Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.[1]

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Messer is pro se, we liberally construe his filings but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I. BACKGROUND

Mr. Messer pled guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Before he was sentenced, the United States Probation Office prepared a Presentence Report ("PSR").  It recommended that Mr. Messer be considered a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1(a) based on three previous controlled substance convictions listed in the PSR.  The district court agreed and sentenced him to 240 months in prison.  Judgment was entered on November 13, 2013.  Mr. Messer did not appeal.

Unbeknownst to the Probation Office and the district court, one of Mr. Messer's drug convictions, a State of Utah conviction in 2001 for Unlawful Possession of Laboratory Equipment or Supplies, had been incorrectly listed in the PSR as a conviction for Operation of a Clandestine Laboratory.[2]  This error underlies Mr. Messer's request for a COA.

On June 18, 2014, Mr. Messer filed a Petition for Writ of Coram Nobis in the federal district court.  On June 19, 2014, he filed a § 2255 motion and asked the court to construe his coram nobis petition as a § 2255 motion.  He later moved to dismiss his § 2255 motion.  On October 21, 2014, the court granted this request and dismissed the § 2255 motion without prejudice.

---

[2] It is not clear whether the Probation Office relied on state court records, the National Crime Information Center ("NCIC") database, or both for this information.  The PSR states that "[c]ourt records report an offense date of January 14, 1999."  ROA, Vol. III at 18.

On April 2, 2018, the district court received Mr. Messer's instant § 2255 motion, dated March 20, 2018. The motion alleged ineffective assistance of counsel claims. In particular, it alleged that his counsel should have objected to his classification as a career offender when the sentencing court relied on his PSR's erroneous listing of a conviction for Operation of a Clandestine Laboratory as a predicate offense to enhance his sentence under U.S.S.G. § 4B1.1(a). He alleged that he was actually innocent of this offense because he had instead been convicted of Unlawful Possession of Laboratory Equipment or Supplies.

Mr. Messer attached to his § 2255 motion a March 31, 2017 order from the Fifth District Court of the State of Utah directing that steps be taken to change the listing of his conviction in the NCIC database from Operation of a Clandestine Laboratory to reflect that he was actually convicted of Unlawful Possession of Laboratory Equipment or Supplies. In the same order, the state court denied his "Motion to Reduce the Severity of Offense," a first degree felony, finding "no legal basis in reducing the degree of offense in this matter." ROA, Vol. I at 82.

The district court dismissed Mr. Messer's § 2255 motion because he had not filed it within one year after his federal conviction became final, as 28 U.S.C. § 2255(f)(1) requires. The court rejected Mr. Messer's argument that the limitations period began when he received the state court's order on March 31, 2017, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). It found that Mr. Messer knew long before March 31, 2017, that he had not been convicted of

3

Operation of a Clandestine Laboratory. To support this finding, the court cited Mr. Messer's initial § 2255 motion, filed in June 2014, which included his declaration that he told counsel of this fact in June or July of 2013, before he was sentenced. The court also noted that his initial § 2255 motion argued that his conviction for Unlawful Possession of Laboratory Equipment or Supplies was not a predicate crime for a career offender sentencing enhancement. The court further said that Mr. Messer had failed to show or even address how any of the other claims in his § 2255 motion were timely.

The district court also rejected Mr. Messer's argument that, because he was actually innocent of Operation of a Clandestine Laboratory, he should receive equitable tolling of the one-year statute of limitations. The court stated that (1) Mr. Messer did not contend he was actually innocent of the federal crime of conviction—distribution of methamphetamine—and (2) he did not contest that he had previously been convicted for Unlawful Possession of Laboratory Equipment or Supplies. It said the latter is a predicate controlled substance offense for career offender enhancement under U.S.S.G § 4B1.1(a), citing U.S.S.G. § 4B1.2(b) and Application Note 1.

The district court therefore denied the § 2255 motion. It also denied a COA. Judgment was entered on April 11, 2018. Mr. Messer filed a motion for

reconsideration under Federal Rule of Civil Procedure 59(e), which the district court denied.[3]

## II. DISCUSSION

When a district court dismisses a § 2255 motion on procedural grounds, we will issue a COA only if the movant shows it is "debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

Mr. Messer asserts in his brief that "none of the three offenses relied on by the District Court qualify for the Career Offender predicates under U.S.S.G. § 4B1.1." Aplt. Br. at 3d. We do not consider the merits of that argument here because the district court dismissed the § 2255 motion as untimely and Mr. Messer seeks a COA to appeal that ruling. As to that issue, we discern two main arguments in Mr. Messer's request for COA. First, he argues that his § 2255 motion was timely filed under § 2255(f)(4). Second, he contends that he should receive equitable tolling of

---

[3] On June 11, 2018, Mr. Messer filed a timely notice of appeal from the April 11, 2018 judgment. *See* Fed. R. App. P. 26(a)(1)(C). Because the district court denied the motion to reconsider within the 60 days to appeal, and because the notice of appeal does not include the denial of the motion to reconsider, and because Mr. Messer does not address the denial of the motion to reconsider in his brief, we conclude that only the original judgment is properly before this court. *See* Fed. R. App. P. 3(c)(1)(B).

the statute of limitations because (1) he asked in 2014 for dismissal without prejudice of his first § 2255 motion to enable him to develop facts to support his claim and (2) he is actually innocent of the offense of Operation of a Clandestine Laboratory.

A. *Section 2255(f)(4)*

The district court held that Mr. Messer's § 2255 motion was untimely under § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The court determined that § 2255(f)(1) applied to Mr. Messer's motion—the date of the final judgment of conviction. Because Mr. Messer did not file a direct appeal, his conviction became final when the time expired to file his direct appeal— 14 days after judgment was entered on November 13, 2013, which was November 27, 2013. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the

6

judgment of conviction becomes final when the time for seeking that review expires."); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (same). Mr. Messer filed his § 2255 motion on March 20, 2018, four and one-half years past the deadline.

Mr. Messer has not contested the untimeliness of his motion under § 2255(f)(1). He instead contended in district court and argues again here that his motion should be considered under § 2255(f)(4) because he filed it within one year after "the facts supporting the claim . . . could have been discovered through the exercise of due diligence." But that is not so because he not only could have discovered the error in the PSR listing but actually did discover it years before he filed his § 2255 motion.

First, Mr. Messer was aware that he was convicted in 2001 of Unlawful Possession of Laboratory Equipment or Supplies long before November 2013 when he was sentenced in his federal case as a career offender, and even longer before he filed his § 2255 motion in 2018. Documents regarding the state conviction, attached as Exhibit A to his appellate brief and Exhibit D to his § 2255 motion, make this clear. Although these exhibits show that the state court's initial judgment of December 20, 2001 stated that Mr. Messer pled guilty to Operation of a Clandestine Laboratory, Attach. Aplt. Br. at 35-37, they also show the court filed amended judgments on February 5, 2002, and again on March 1, 2005, both stating that he had

been convicted of Unlawful Possession of Laboratory Equipment or Supplies. ROA, Vol. I at 77-80; ROA, Vol. I at 73-76.[4]

In addition, his declaration, attached as Exhibit C to his § 2255 motion, states that he told his attorney in this case sometime in June or July of 2013 that he "was not convicted for Operation of a Clandestine Laboratory, but for Unlawful Possession of Laboratory Equipment or Supplies." ROA, Vol. I at 69. Mr. Messer therefore knew the true nature of his 2001 conviction before he was sentenced as a career offender.

Second, the record supports that Mr. Messer was aware at the time of his sentencing that the PSR incorrectly listed his 2001 conviction as Operation of Clandestine Laboratory rather than Unlawful Possession of Laboratory Equipment or Supplies. At the sentencing hearing on November 7, 2013, the following colloquy occurred:

> THE COURT: Did you have a chance to review and discuss [the PSR] in detail with Mr. Messer?
>
> MR. BRIDGE: Yes, I did.
>
> THE COURT: Mr. Messer, did you have a sufficient amount of time to discuss the presentence report with Mr. Bridge?

[4] In his brief, Mr. Messer "contends that he did not discover the 'fact' to prove via 'documentation' that he was not convicted by the State of Utah for 'Operation of a Clandestine Laboratory' . . . in that case, until March 17, 2017, when he received from the State Court for the first time both an Order to correct the court's record to reflect the correct conviction information, along with a few 'All' of its judgments and amended judgments." Aplt. Br. at 3o. We disagree. The state court's amended judgments in 2002 and 2005 document that Mr. Messer was convicted of Unlawful Possession of Laboratory Equipment or Supplies and not for Operation of a Clandestine Laboratory.

MR. MESSER: Yes, Your Honor.

ROA, Vol. II at 20. And despite Mr. Messer's statement in his aforementioned declaration that he previously had told him otherwise, his counsel referred at the sentencing hearing to a prior "conviction for operation of a clandestine lab." *Id.* at 31.

At that point, Mr. Messer had the information he needed to allege his ineffective assistance claim. He was on notice that his 2001 conviction was for Unlawful Possession of Laboratory Equipment or Supplies; that the PSR instead had listed the offense as Operation of a Clandestine Laboratory; and that his counsel had failed to correct, much less object to, the erroneous listing in the PSR. This much was reflected in his June 2014 § 2255 motion, the one that was dismissed without prejudice. It alleged that his conviction for Possession of Laboratory Equipment or Supplies was not a predicate crime for a career offender sentencing enhancement.

Third, further corroborating that Mr. Messer knew of the factual basis for his ineffective assistance claim for much longer than the statute of limitations period were his efforts to correct the NCIC database regarding his 2001 conviction. The Fifth District Court for the State of Utah docket for the case resulting in that conviction shows that on May, 6, 2016, Mr. Messer filed a "Motion to Correct Invalid Conviction Information Submitted to The National Crime Information Center." Attach. Aplt. Br. at 64. This motion and an accompanying motion to reduce his sentence resulted in the state court's March 31, 2017 ruling denying a sentence

9

reduction and stipulating that the conviction in the NCIC database should be changed to Unlawful Possession of Laboratory Equipment or Supplies.

Mr. Messer seems to suggest that because the state court did not order a correction of the NCIC database until its order of March 31, 2017, he lacked the factual basis for his § 2255 motion until then. Aplt. Br. at 3l, 3o. But the record—the state court amended judgments, his declaration, his federal court sentencing transcript, and his motion to correct the NCIC database—shows he had the information he needed to allege his ineffective assistance claim long before the state court issued its March 31, 2017 order and years before he filed his § 2255 motion.[5] This conclusion is not reasonably debatable. Mr. Messer's § 2255(f)(4) argument does not merit a COA.

## B. *Equitable Tolling*

Mr. Messer also argues that the statute of limitations should be equitably tolled. First, he claims that the one-year deadline should be excused because he filed a § 2255 motion in June 2014 and asked to have it dismissed without prejudice so he could develop the facts to support his claim. Second, he contends that he should receive equitable tolling because he is actually innocent of Operation of a Clandestine Laboratory.

---

[5] Mr. Messer recounts his diligence under § 2255(f)(4) in trying to obtain documents to support his § 2255 motion. Aplt. Br. at 3p-3r. But he had knowledge of the facts underlying his ineffective assistance of counsel claim, including the amended judgments in the Fifth District Court stating that he was convicted in 2001 of Unlawful Possession of Laboratory Equipment or Supplies, to file his motion in a timely manner.

10

### 1. Dismissal of 2014 Motion Without Prejudice

"[W]e review the district court's decision on equitable tolling of the limitation period for an abuse of discretion." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). To qualify for equitable tolling, Mr. Messer must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). He has not made this showing.

The dismissal of Mr. Messer's first § 2255 motion without prejudice in 2014 does not rescue his 2018 motion from § 2255(f)'s time bar. As previously explained, he had in hand more than adequate information to file a timely § 2255 motion alleging that his counsel was ineffective for failure to object to the sentencing court's reliance on the erroneous listing in the PSR of his 2001 conviction. His efforts to obtain documents to support his claim, however diligent, were not necessary to establish a factual basis to assert his claim. Rather than seeking dismissal without prejudice of his § 2255 motion to pursue additional fact investigation, he could have asked for a stay to do so or have requested the district court to allow him "to conduct discovery under the Federal Rules of Criminal or Civil Procedure" pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### 2. Actual innocence

Equitable tolling also is appropriate when a prisoner is actually innocent. *Burger*, 317 F.3d at 1141. To establish a credible claim of actual innocence, an

11

applicant must support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *id.* at 327. Mr. Messer seeks to apply this standard to his 2001 conviction.

Mr. Messer recognizes that the PSR's listing of the 2001 offense "was a clerical error," Aplt. Br. at 3e, but he argues that because he is actually innocent of Operation of a Clandestine Laboratory, the district court should have equitably tolled the one-year statute of limitations. When a clerical error results in the imposition of a sentence that is longer than the sentence would have been without the error, an argument based on actual innocence and the need to avoid a miscarriage of justice may justify lifting the procedural bar caused by failure to timely file a § 2255 motion. *See Mobley v. United States,* 974 F. Supp. 553, 558 (E.D. Va. 1997). But that is not the case here.

The district court rejected Mr. Messer's actual innocence argument because he does not contend that he was factually innocent of Unlawful Possession of Laboratory Equipment or Supplies, and because this offense would have qualified as a predicate for Mr. Messer's career offender status. Mr. Messer disagrees with the district court's analysis of whether his 2001 conviction should qualify as a career offender predicate offense, but we reject his actual innocence equitable tolling argument for two additional reasons. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th

12

Cir. 2005) (COA may be denied on a ground supported by the record even if the district court did not rely on it.).

First, Mr. Messer's actual innocence argument lacks merit in light of the record of the state court proceedings underlying his 2001 conviction.  His conviction for Unlawful Possession of Laboratory Equipment or Supplies required proof that the defendant "possess[ed] laboratory equipment or supplies with the intent to engage in a clandestine laboratory operation."  Utah Code Ann. § 58-37d-4(1)(b) (1999).[6]  Drawing from this statute, Jury Instruction 14-A at Mr. Messer's trial provided that, before the jury could find him "guilty of the offense of Unlawful Possession of Laboratory Equipment or Supplies, the State must prove . . . beyond a reasonable doubt . . . :

1.  That the Defendant acted knowingly and intentionally;

2.  That the Defendant did:

> (a) possess laboratory equipment or supplies with the intent to engage in a clandestine methamphetamine laboratory operation; or

> (b) possess a controlled substance precursor with the intent to engage in a clandestine methamphetamine laboratory operation."

Attach. Aplt. Br. at 52.  A violation of § 58-37d-4(1)(b) is a second degree felony.

---

[6] The Utah Legislature amended this section after Mr. Messer's conviction but left paragraph (1)(b) unchanged.  *Compare* Utah Code Ann. § 58-37d-4(1)(b) (1999), *with* Utah Code Ann. § 58-37d-4(1)(b) (2018).  We cite the 1999 Code.

Instruction 14-A then said that if the jury found Mr. Messer guilty of Unlawful Possession of Laboratory Equipment or Supplies, it should consider "whether or not said acts took place under the following conditions, to wit:

(a) The Defendant illegally possessed, transported, or disposed of hazardous or dangerous material while transporting, or causing to be transported, materials in furtherance of a clandestine laboratory operation, that created a substantial risk to human health or safety or danger to the environment.

(b) The intended methamphetamine laboratory operation take [sic] place within 500 feet of a residence.

(c) Said clandestine laboratory operation was for the production of methamphetamine base."

As set forth in Utah Code § 58-37d-5, "[a] person who violates Subsection 58-37d-4[(1)(b)] is guilty of a first degree felony if the trier of fact also finds any one of the following conditions occurred in conjunction with that violation." The conditions listed in the statute—§58-37d-5(1)(c), (d), and (g)—correspond to the conditions listed in the jury instruction.[7]

The state court amended judgments in 2002 and 2005 said that a jury had convicted Mr. Messer of Unlawful Possession of Laboratory Equipment or Supplies and that his conviction was enhanced to a first degree felony because the jury also found "beyond a reasonable doubt" the three conditions listed above. ROA, Vol. I at 77-80; ROA, Vol. I at 73-76. Accordingly, considering the listing of Operation of a

---

[7] The Utah Legislature amended this section after Mr. Messer's conviction; the amendment deleted a paragraph not at issue here, causing paragraph (1)(g) to be renumbered as paragraph (1)(f). *Compare* Utah Code Ann. § 58-37d-5 (1999), *with* Utah Code Ann. § 58-37d-5 (2018).

Clandestine Laboratory in the PSR in the context of the state court record of Mr. Messer's 2001 conviction, we conclude that any error in the PSR's description of Mr. Messer's offense was not material, and his claim of actual innocence rings hollow.

Second, Mr. Messer's argument suffers from an additional fundamental problem. Under U.S.S.G. § 4B1.1(a), "[a] defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." As the district court stated in its order denying the § 2255 motion, "[t]he [PSR] determined that Petitioner qualified as a career offender based on three prior convictions." Even if the 2001 conviction were excluded from consideration, two predicate convictions remain. Mr. Messer would like to challenge whether they were valid predicates, but he filed his § 2255 motion too late, and he lacks a viable equitable tolling argument to allow an untimely challenge to his sentence based on those offenses.

Because reasonable jurists would not debate that the district court acted within its discretion to deny equitable tolling, we deny a COA.

### III. CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

15